Greg T. MILLER, Appellant,

v.

David R. ENGLE, Respondent.

No. WD 38278.

Missouri Court of Appeals,
Western District.

Dec. 30, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 3, 1987.

Application to Transfer Denied
March 17, 1987.

Andrew J. Gelbach, Warrensburg, for appellant.

Thomas Ernest Gould, Thomas C. Simon, Gould & Moore, Kansas City, for respondent.

Before GAITAN, P.J., CLARK, C.J., and TURNAGE, JJ.

CLARK, Chief Judge.

Greg T. Miller, a passenger in an automobile driven by respondent, David R. Engle, suffered injuries when the vehicle left the roadway on a curve and struck a tree. Miller sued and a jury returned a verdict of $15,000.00 in damages to Miller. The latter has appealed contending the verdict was inadequate and was less than the deserved amount because certain evidence was erroneously admitted. Affirmed.

The issue of liability being no longer contested, the details of the accident are irrelevant to the appeal. Suffice it to say that the evidence entitled the jury to find that excessive speed of the Miller vehicle was the cause of the mishap.

In his first point, Miller contends the court should not have admitted in evidence hospital and medical records of prior accidents and treatment associated with Miller's complaints of headaches because the records were irrelevant and immaterial to any fact in issue. He contends that the records were not admissible in the absence of expert medical opinion that Miller's current and previous complaints about headaches shared a common source unrelated to the automobile accident in issue.

One of the principal claims of injury presented by Miller, which he asserted was the consequence of being thrown into the windshield of the Engle vehicle on its impact with a tree, was a persistent and disabling headache. In his testimony about his problem with the headaches after the accident, Miller denied that he had suffered previously from severe headaches. His mother and father confirmed Miller's evidence although his mother did testify about a head injury Miller suffered as a child. Miller's father expressly denied that his son had any prior problems with headaches, he denied there was a family history of migraine headaches and he contradicted the mother's testimony about previous head injuries.

The medical expert called on behalf of plaintiff attributed Miller's headaches to the injury suffered in the automobile accident. He also testified, however, that his opinion was based in part on Miller's medical history. As it was related to him, that history did not include any previous episodes of severe headaches. The doctor said his opinion as to causation would be affected were he to be informed that Miller did have a history of previous head injuries and resulting headaches.

The medical records which defendant introduced in evidence and which appellant now claims should have been excluded revealed the following: Robert W. Edmonds, M.D., was the Miller family physician who had attended plaintiff from age six. His records showed that Miller had complaints about headaches from childhood. In 1971, Miller fell from a roof and suffered a concussion which was treated by Dr. Edmonds. In 1977, appellant was hospitalized com-

plaining of headaches and fainting spells. Hospital emergency room records showed that in 1979, Miller was in an automobile accident and hit the bridge of his nose against the steering wheel. His complaint was of headaches. Also in 1979, Miller received emergency room hospital attention for a football injury which caused a loss of memory. In other hospital records entered in connection with an admission for surgery in 1983, Miller gave a history of having suffered three prior concussions and having had persistent migraine headaches.

It is apparent the medical records introduced in evidence by the defendant were relevant and material to the issue of plaintiff's credibility and tended to impeach plaintiff's testimony that the headaches about which he complained were experienced only after the automobile accident in issue. If the records are to be accepted as accurate, Miller had at least three head injuries before he was injured while a passenger in respondent's car and had a lifelong history of severe headaches. The trial court correctly overruled an objection to the records based on relevancy and materiality.

Although appellant's point on appeal restates the claimed error in terms of relevancy and materiality, the discussion in argument takes a different tack. He argues that the records were not limited in their use to impeachment but were employed to refute the testimony of plaintiff's expert medical witness on causation. Appellant says the records were used as a basis for respondent to argue that the cause of plaintiff's headaches was one or more of his previous injuries and not the most recent accident as testified by plaintiff's expert. Such an opinion, appellant argues, can only be expressed by an expert medical witness. No cases authoritative on comparable facts are cited.

There is not nor can there be any dispute that medical records, such as those presented by respondent here, are admissible in evidence under the Business Records Act, § 490.680, RSMo.1978, if properly qualified for admission by the custodian and if not otherwise excludable as, for example, a self-serving statement by declarant regarding liability. The mere fact that the records include a statement of expert medical opinion does not bar admission of the records. Once the hearsay objection is overcome by qualifying the document as a business record, it is of no consequence that the expert witness is not available for cross-examination. *Allen v. St. Louis Public Service Co.*, 365 Mo. 677, 285 S.W.2d 663, 667 (1956).

Moreover, prior inconsistent statements may be considered as substantive evidence when offered to sustain a burden of proof if the declarant is available for cross-examination. *Rowe v. Farmers Insurance Co.*, 699 S.W.2d 423, 428 (Mo. banc 1985). Relevancy and materiality of the hearsay evidence depend on the purpose for which it is offered and whether the offering party is undertaking affirmative proof or is merely attacking the credibility of a witness. Thus, prior inconsistent statements may be admissible for the limited purpose of impeachment and relevant only to that extent, or they may constitute substantive evidence, in which event relevancy and materiality are tested on a different ground.

Turning now to appellant's complaint here, there is no indication that the medical records were offered to prove any statement of expert opinion on the cause of appellant's headaches. The records do establish that Miller had voiced repeated complaints about headaches for many years and that he had previously received treatment for various head injuries. Respondent had no burden to prove the cause of appellant's headaches and therefore it is of no avail to appellant if the records were not competent proof of causation. The records were appropriate evidence for the jury to consider in deciding whether to believe Miller's testimony about the onset of his headaches and to evaluate the testimony of appellant's medical expert who was not giv-

en the history of previous accidents and complaints reflected in the records.

■ Appellant's point also fails for the reason that even if the records were not properly admitted, or if they were improperly used, appellant has demonstrated no prejudice. The jury found in appellant's favor and awarded a substantial amount of damages. Any effect the records may have had on the size of the verdict is sheer speculation.

■ The second point raised by appellant argues that a new trial should have been granted on the ground of newly discovered evidence. The issue upon which the evidence was claimed to have relevance was whether Miller had correctly reported the date on which he withdrew as a student at Central Missouri State University. In his trial testimony, Miller stated that he withdrew from the university on November 4, 1983, in consequence of the injuries which he suffered in the automobile accident on October 30, 1983. Respondent introduced in evidence records from the university registrar's office which showed the date of Miller's withdrawal to have been October 21, 1983, nine days before the accident. In support of his motion for new trial, Miller offered the testimony of his father, an instructor at the university, who stated he arranged on November 4, 1983, for the withdrawal which was backdated to October 21, 1983. The newly discovered evidence apparently consists of the explanation for the discrepancy in the dates.

In *Executive Jet Management & Pilot Service, Inc. v. Scott*, 629 S.W.2d 598, 610 (Mo.App.1981), this court reviewed the law applicable to motions for new trial sought on the ground of newly discovered evidence. The opinion pointed out that such motions are viewed with disfavor, are entertained reluctantly and are construed strictly. Among other conditions the advocate of such a motion must meet are proof the evidence came to the movant's knowledge since the trial and that the evidence would not have been uncovered earlier by the exercise of due diligence. Appellant

here does not satisfy either of these conditions.

In preparation for trial, respondent took the deposition of the university registrar with notice to appellant's attorney. That deposition was for the purpose of obtaining the records of Miller's attendance at and withdrawal from his university studies. Neither appellant nor his attorney attended the deposition. Miller's college transcript showing the date of withdrawal to have been October 21 was obtained in the course of the deposition and was introduced in evidence at trial. Both appellant and his father were aware before the trial was concluded that the date Miller testified he had withdrawn was at variance with the university records, but no attempt was made to present an explanation for the variance until the hearing on the motion for new trial.

In the exercise of the discretion with which the trial court is invested in considering a motion for new trial based on newly discovered evidence, *Carthen v. Jewish Hospital of St. Louis*, 694 S.W.2d 787, 800 (Mo.App.1985), it cannot be said here that the trial court erred. By appellant's own choice, he did not attend the deposition at which the transcript date was disclosed. When the evidence of the registrar's records was produced casting doubt on the accuracy of appellant's testimony, he sought no opportunity to explain the conflict by presenting any rebuttal evidence to the jury. Due diligence was not exercised to address the problem at trial. The effort in the post-trial motion came too late.

■ In a final point, appellant says he should have been granted a new trial because the amount of the verdict was so inadequate as to demonstrate bias and prejudice against appellant by the jury. No authorities are cited or discussed in the argument supporting the point and the argument itself consists of one paragraph. The issue of bias and prejudice affecting the amount of a verdict is not claimed to be a matter of first impression, nor could such a contention be seriously advanced. The

point is not so novel or unique that authorities would not be available and we therefore consider the point abandoned. *Wright v. Martin*, 674 S.W.2d 238, 242 (Mo.App. 1984).

The judgment is affirmed.

All concur.