Gala CARRIER, Plaintiff–Appellant,

v.

CITY OF SPRINGFIELD, a Municipal Corporation, Defendant–Respondent.

No. 18165.

Missouri Court of Appeals, Southern District, Division One.

April 30, 1993.

---

Stephen R. Soutee, Marionville, for appellant.

Dennis Budd, Asst. City Atty., Springfield, for respondent.

PER CURIAM.

This is an appeal from a summary judgment entered in favor of respondent, City of Springfield, and against appellant, Gala Carrier. Following filing of appellant's brief, respondent filed its Motion to Dismiss Appeal. That motion was taken with the case. It is granted and the appeal is dismissed.

This case is an aftermath of *State ex rel. Fuhr v. Carrier,* 765 S.W.2d 671 (Mo.App. 1989). Appellant brought the action that is now before this court in order to seek damages from respondent "for the loss of use of [the 1977 Chevrolet Pickup]" that was the subject of that case. Respondent's Motion to Dismiss Appeal is directed to the "Statement of Facts" and the "Point Relied Upon" that are set out in appellant's brief.

Respondent asserts that those parts of appellant's brief do not comply with requirements of Rule 84.04(c) and 84.04(d).

Appellant's "Statement of Facts" consists of three paragraphs containing a total of seven sentences. It consists of 19 lines that cover approximately three-fourths of one page. The first paragraph advises that appellant filed both a petition and, with leave of the trial court, a "First Amended Petition" and that respondent filed an answer to the amended petition. The second paragraph reports that respondent pleaded three affirmative defenses in its answer, sovereign immunity, statute of limitations and res judicata, and that respondent's answer claimed that appellant "had failed to join a necessary and indispensable party, and inferred that a bailor-bailee relationship did not exist between [appellant] and [respondent]." The third states the date when the trial court "took up and heard" the motion for summary judgment that was granted; that "[t]he trial court sustained the motion," and that "[a]ppellant filed her Notice of Appeal," as well as the date when it was filed.

Rule 84.04(c) prescribes what is required in a statement of facts. It states:

The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a resume of the testimony of each witness relevant to the points presented.

Rule 84.04(d) states:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous....

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

The single point relied on in appellant's brief says, "The trial court erred in entering summary judgment in favor of [respondent] and against [appellant] for the reason that the motion for summary judgment was not sustainable on any theory." Re-

spondent suggests that "[a]ppellant's statement of facts consists of nothing more than an abbreviated procedural history of the case"; that it "wholly fails to provide an immediate, accurate, and complete understanding of the facts of the case." This court agrees.

The statement of facts in this case is even more deficient than was the statement of facts in *State ex rel. Missouri Highway and Transportation Comm'n v. Pipkin*, 818 S.W.2d 688 (Mo.App.1991), a case in which this court declared that "[t]he [appellant's] statement of facts [was] so inadequate that we affirm the judgment without adjudication of the merits." *Id.* at 689.

Likewise, appellant's point relied on is deficient in that it fails to state wherein and why the trial court's ruling granting appellant's motion for summary judgment was erroneous.

Three things are required with respect to points relied on: (1) a statement of the action or ruling of the trial court about which the party complains; (2) a statement that specifies why the ruling was erroneous; and (3) a statement informing the appellate court wherein the evidence at trial supports the position the party asserts the trial court should have taken.

*Bentlage v. Springgate*, 793 S.W.2d 228, 229 (Mo.App.1990).

The action of the trial court about which appellant complains is the granting of respondent's motion for summary judgment. Arguably, appellant tokenly complied with the "why" requirement of Rule 84.04(d) with the generalization that "the motion for summary judgment was not sustainable on any theory." There is no semblance of compliance with the "wherein" requirement in that appellant made no attempt to state what part of the record before the trial court supported her assertion that there was a basis that would have permitted her to recover against respondent. She has not informed this court what part of the record on appeal shows that the trial court had anything before it from which it could have determined the existence of a genuine issue as to a material fact that, if determined favorable to appellant, would have, as a

matter of law, permitted her to have judgment against respondent. *See* Rule 74.04(c).

Respondent's Motion to Dismiss Appeal is granted. Appeal dismissed.

All concur.