**Edward L. MURRAY, Petitioner–Appellant,**

v.

**MISSOURI REAL ESTATE COMMISSION, Respondent.**

No. 18420.

Missouri Court of Appeals, Southern District, Division Two.

July 8, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 1993.

Norman E. Rouse, Collins, Webster & Rouse, Joplin, for petitioner-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

Respondent suspended appellant's real estate salesperson license for six months, followed by five years' probation. Appellant then filed a petition for a stay and judicial review of that order. The circuit court denied appellant's petition and affirmed respondent's order.

On appeal here appellant has two points relied on. They state:

## Point I

The Administrative Hearing Commission erred in granting a motion for summary judgment for the benefit of the respondent as to Count I of the petition under the theory of collateral estoppel.

\* \* \* \* \* \*

## Point II

The Missouri Real Estate Commission erred in disciplining the appellant based upon the erroneous findings of the Administrative Hearing Commission as to Count I of the complaint.

■ It is apparent that these points do not comply with the "wherein" and "why" requirements of Rule 84.04(d). Three things are required with respect to points relied on under that rule: (1) A statement of the action or ruling complained of; (2) why the ruling was erroneous; and (3) wherein the evidence supports the position the party asserts the trial court should have taken. *Carrier v. City of Springfield,* 852 S.W.2d 196, 198 (Mo.App.1993).

■ The statement of facts in appellant's brief is also deficient. "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). A statement of facts, as is presented here, which consists of nothing more than abbreviated procedural history, fails to provide an understanding of the case and is deficient. *Carrier,* 852 S.W.2d at 198.

■ Failing to substantially comply with Rule 84.04 preserves nothing for appellate review. *Wehmeyer v. Bassett Realty, Inc.,* 840 S.W.2d 290, 291 (Mo.App.1992). *See also Whalen v. College of the Ozarks, Inc.,* 851 S.W.2d 682, 683 (Mo.App.1993). Appellant has failed to preserve any issues for our review. A gratuitous examination of the record reveals no error, plain, Rule 84.13(c), or otherwise.

The judgment is affirmed.

All concur.