**Robert Ben LUFT, Plaintiff/Respondent,**

v.

**Lloyd W. SCHOENHOFF,**
**Defendant/Appellant.**

No. 69373.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 15, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 18, 1996.

Application to Transfer Denied
Jan. 21, 1997.

Lloyd W. Schoenhoff, St. Louis, Pro Se.

Mark H. Neill, St. Louis, for plaintiff/respondent.

Before CRANE, P.J., and GERALD M. SMITH and PUDLOWSKI, JJ.

PER CURIAM.

Plaintiff, Robert Ben Luft, filed an action against defendant, Lloyd W. Schoenhoff, to recover damages for unjust enrichment and fraud and to impose a constructive trust. The case was tried to the court with both parties represented by counsel. The trial court entered judgment on all counts in plaintiff's favor, awarding plaintiff $354,-366.43 in actual damages and interest and $50,000.00 in punitive damages and imposing a constructive trust.

Defendant appeals *pro se.* He was granted several time extensions to file his brief and an extension to amend it. Plaintiff has filed motions to strike the brief and to dismiss the appeal based on the failure of plaintiff's brief to comply with Rule 84.04. We ordered the motions taken with the case.

■ Defendant's brief fails to comply with Rule 84.04. The brief's most significant failing is that no legal authorities are cited or discussed in the argument portion of the brief to support any of his points relied on. Although he lists a string of legal authorities under points I, III and V, he does not refer to, incorporate, or discuss any of these authorities in the argument portion of his brief under those points. He cites no legal authorities under point II and the brief contains no argument under this point. He cites no legal authorities under point IV or in his argument under point IV. He does not explain the absence of legal authority or argue that the issues are matters of first impression for which no legal authority exists. The arguments in the brief consist of defendant's conclusions concerning the law and the evidence.

■ *Pro se* appellants are bound by the same rules of procedure as are lawyers, and are not entitled to any indulgences they would not have received if represented by counsel. *Jones v. Wolff,* 887 S.W.2d 806, 808 (Mo.App.1994); *Snelling v. Chrysler Motors Corp.,* 859 S.W.2d 755, 756 (Mo.App.1993).

■ An appellant must cite authority in support of his points relied on if the point is one for which precedent is appropriate and available. *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978). Arguments raised in the points relied on which are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing for appellate review. *Krame v. Waller,* 849 S.W.2d 236, 239 (Mo.App.1993); *Hall v. Hall,* 804 S.W.2d 411, 415 (Mo.App. 1991). An appellant must develop the contention raised in the point relied on in. the argument section of the brief. *In re Marriage of Roedel,* 550 S.W.2d 208, 211 (Mo. App.1977); *Bopp v. Spainhower,* 519 S.W.2d 281, 286 (Mo.1975). If a party fails to support a contention with relevant authority or argument beyond conclusions, the point is considered abandoned. *Beatty v. State Tax Comm'n,* 912 S.W.2d 492, 499 (Mo. banc 1995). Authorities should be cited or discussed in the argument supporting the point relied on or a rationale must be advanced explaining why such authority is unavailable. *Miller v. Engle,* 724 S.W.2d 637, 641–42 (Mo. App.1986).

■ There is no obligation on this court to review briefs which are not in conformity with Rule 84.04. *Jones,* 887 S.W.2d at 808; *Straeter Distributing v. Fry–Wagner Moving,* 862 S.W.2d 415, 417 (Mo.App.1993). Allegations of error not properly briefed "shall not be considered in any civil appeal ..." Rule 84.13(a).

The judgment is accordingly affirmed. The motions to strike and to dismiss are denied as moot.