8182 MARYLAND ASSOCIATE, a
Limited Partnership, Plain-
tiff/Respondent,

v.

Ronald U. LURIE, Defendant/Appellant.

No. 70736.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 6, 1997.

Rehearing Denied July 29, 1997.

---

Ronald U. Lurie, Bozeman, pro se.

John S. Sandberg, Brian J. Fellows, St. Louis, for respondent.

Before RHODES RUSSELL, P.J., and SIMON and KAROHL, JJ.

PER CURIAM.

Ronald Lurie ("defendant") appeals from the trial court's judgment in favor of 8182 Maryland Associate ("plaintiff"), in an action for breach of a commercial lease. Defendant claims the trial court erred in entering judgment for plaintiff in that the court failed to recognize an alleged release granted to defendant by plaintiff. We affirm.

Defendant appeals *pro se.* Parties who proceed *pro se* are bound by the same procedural rules as lawyers, and are not entitled to any indulgence they would not have received if represented by counsel. *Luft v. Schoenhoff,* 935 S.W.2d 685, 687 (Mo. App.1996).

Defendant's amended brief fails to comply with Rule 84.04(d) in that it did not cite any legal authorities in the argument portion to support his point relied on. Defendant does not explain the absence of legal authority nor does he argue that his issue is one of first impression for which no authority exists. Defendant's brief merely recites portions of three alleged settlement agreements, an order of the U.S. Bankruptcy Court, and a vacatur of judgment.

An appellant must cite legal authority to support his points relied on if the point is one for which precedent is appropriate and available. *Id.* If no authority is available, an explanation should be made for the absence of citations. *Shiyr v. Pinckney,* 896 S.W.2d 69, 71 (Mo.App.1995)(citing *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978)). If an appellant fails to support a contention with relevant authority, the point is considered abandoned. *Luft,* 935 S.W.2d at 687. Further, there is no obligation on this court to review a brief which fails to conform with Rule 84.04. *Id.* Finally, we have reviewed the record and conclude reference to legal authority would be critical in deciding the appeal.

As defendant's amended brief fails to conform with Rule 84.04(d), the judgment of the trial court is affirmed.[1]

---

1. Plaintiff has filed a motion to strike the exhibits attached to defendant's amended brief in that none of these documents were before the trial court during the evidence presented at trial or prior to the entry of judgment. We ordered that this motion be taken with the case and deny it as moot.