Keith COLEMAN, a Minor, and Vickie
Coleman, Mother and Next
Friend, Appellants,

v.

Darryl E. GILYARD, Respondent.

No. WD 54655.

Missouri Court of Appeals,
Western District.

May 26, 1998.

Harvey L. McCormick, Kansas City, for Appellants.

Lee M. Nation, Kansas City, for Respondent.

Before HANNA, P.J., and EDWIN H. SMITH and HOWARD, JJ.

EDWIN H. SMITH, Judge.

Vickie Coleman, individually and as next friend for her son, Keith Coleman, a minor, appeals the judgment of the Circuit Court of Jackson County quashing a garnishment and ordering the termination of any related discovery of assets proceedings with respect to assets of Darryl E. Gilyard, respondent, to satisfy a paternity judgment against him for the payment of child support and attorney fees.

The appellants raise what they denominate as five points on appeal. However, because we find that their brief fails to comply with Rule 84.04, we dismiss their appeal.

## Facts

Although it is not necessary to include a detailed statement of facts inasmuch as we are dismissing the appellants' appeal for failure to comply with Rule 84.04, a brief statement of the facts would be appropriate.

On March 3, 1992, Vickie Coleman, individually and as next friend for her son, Keith Coleman, a minor, filed a petition for declaration of paternity and an order of child support against Darryl E. Gilyard, respondent, in the Circuit Court of Jackson County. In this regard, paternity was established on April 19, 1994, at which time no child support award was made.

On June 16, 1995, the State of Missouri filed a petition in the Circuit Court of Cole County for inmate reimbursement against the respondent, who was imprisoned for first degree murder. The State was seeking to obtain reimbursement for the costs of the respondent's incarceration. The appellants filed a motion to intervene to discover the respondent's assets for the purpose of obtaining child support, which motion was granted. On May 2, 1996, a hearing was held on the issue of inmate reimbursement. However, the appellants failed to appear at the hearing. Thus, although a judgment ordering the respondent to reimburse the State and ap-

pointing a receiver to collect reimbursement payments was entered on May 30, 1996, no judgment for child support and costs for the appellants was entered.

On December 13, 1996, a hearing was conducted in the Circuit Court of Jackson County regarding the issue of child support from the respondent for the minor child. On January 16, 1997, the circuit court entered a judgment awarding child support to the mother in the amount of $766 per month, which was made retroactive, resulting in an arrearage of $45,960. The respondent was ordered to pay an additional amount of $20 per month for payment of the arrearage and attorney fees of $2,249.

On March 27, 1997, the Cole County Circuit Court amended its original judgment to include an order for the court-appointed receiver for the respondent to make the court-ordered child support payments to the mother. Thereafter, the appellants' attorney obtained a garnishment and initiated discovery of assets proceedings in Jackson County to collect the arrearage amount and attorney fees. On July 11, 1997, the circuit court ordered the garnishment quashed and the termination of discovery of assets proceedings based on the fact that the child support award to the mother was already being collected pursuant to the amended Cole County judgment.

This appeal follows.

On November 20, 1997, the appellants filed their brief in this court, which was stricken on December 1, 1997, for failure to comply with Rule 84.04. The appellants filed an amended brief on December 12, 1997.

## I.

■ Appellate courts are not required to review an appeal on the merits where there are flagrant violations of Rule 84.04 concerning the requirements of an appellate brief in a civil case. *Faith Baptist Church of Berkeley v. Heffner,* 956 S.W.2d 425, 426 (Mo.App.1997); *Hammer v. Waterhouse,* 895 S.W.2d 95, 104–05 (Mo.App.1995). Rule 84.04(d), provides, in pertinent part, that:

[t]he points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder....

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this rule.

This portion of the rule requires three components for a proper point relied on: (1) a statement of the action or ruling complained of; (2) *why* the ruling was erroneous; and, (3) *wherein* the evidence or other matter supports the position the party asserts the trial court should have taken. *Hammer,* 895 S.W.2d at 104–05.

■ Initially we note that in the portion of the appellants' brief denominated "Points Relied Upon,"[1] they raise five points. However, in the argument portion of their brief they raise five points which do not correspond to the points set out in their points relied on. Their first point in their points relied on is not repeated or discussed as a point in the argument portion of their brief. "Arguments raised in the points relied on which are not supported by argument in the argument portion of the brief are deemed abandoned and preserve nothing for appellate review." *Luft v. Schoenhoff,* 935 S.W.2d 685, 687 (Mo.App.1996). Thus, the first point raised in the appellants' points relied on, but not supported by argument, is deemed abandoned.

As to the remaining points raised in their "Points Relied Upon" portion of their brief, the appellants, in the argument portion of their brief, divide Point II into Points I and II, with Points III, IV and V remaining the same. As such, we will address the five points set forth in the argument portion of the appellants' brief as to their failure to comply with Rule 84.04.

■ The appellants claim in Point I that "[t]he trial court erred and acted in excess of its power when it received into evidence on an *ex parte* basis [a] letter from an assistant attorney general for the State of Missouri

1. Rule 84.04 refers to this section as "Points Relied *On.*" (Emphasis added.)

and thereafter, relied on same to issue an injunction and/or order quashing garnishment and discovery proceedings." In this point, the appellants fail to comply with Rule 84.04(d) in that they fail to include any citations of authority which support their claim. They cite only Rule 2, Canon 3 A(4), dealing with a judge performing his duties impartially, which, given the appellants' claim, is not persuasive authority for the relief sought, a reversal of the trial court's judgment, nor do they include an explanation for the absence of citation. Because an appellate court is not required to review an appellant's point relied on, which appears without citation of applicable or relevant authority, *Luft*, 935 S.W.2d at 687, or if no authority exists, the appellant is required to include an explanation for the absence of citation, *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978), we find that the claim raised in the appellants' Point I is abandoned. Rule 84.04.

As to Points II, III, IV, and V, we find they fail to include the "why" and "wherein" components required by Rule 84.04(d). *See Hammer*, 895 S.W.2d at 104–05. An insufficient point relied on, which cannot be understood without resorting to the record or the argument section of the brief, preserves nothing for appellate review. *State v. Williams*, 951 S.W.2d 332, 338 (Mo. App.1997). Thus, the appellants' failure to comply with Rule 84.04 preserves nothing for appeal. *Id.* However, even if we were to resort to the appellants' argument as to each claim raised in Points II—V to determine the "why" and "wherein" components, the argument portion of their brief fails to supply the factual and legal basis to support their claims that the trial court erred and merely recites abstract conclusions of law. And, "[i]f a party fails to support a contention ... with argument beyond conclusions, the point is considered abandoned." *Luft*, 935 S.W.2d at 687.

Because of the foregoing flagrant violations of Rule 84.04, we find that the appellants failed to preserve any issues in their points relied on for appellate review. *Brown v. Mercantile Bank of Poplar Bluff*, 820 S.W.2d 327, 335 (Mo.App.1991). Nevertheless, we are cognizant of the fact that we may exercise our discretion pursuant to Rule 84.13(c) to review the appellants' claims for plain error. However, "[t]he plain error doctrine is rarely resorted to in civil cases." *Id.* Furthermore, unless a claim facially establishes substantial grounds for believing that a "manifest injustice or a miscarriage of justice" would result if left uncorrected, we will decline to review for plain error. *Id.*

Here, the overall quality of the appellants' brief makes plain error review impossible. The deficiencies in the brief discussed, *supra*, are so flagrant that it is virtually impossible to even determine the precise nature of their claims. Moreover, even as to those claims which are decipherable, it is facially apparent that they fail to demonstrate manifest injustice or a miscarriage of justice and lack any merit, thus, not warranting plain error review. It is not the duty of an appellate court to become an advocate for an appellant and scrutinize the record for error. *Stroup v. Facet Automotive Filter Co.*, 919 S.W.2d 273, 277 (Mo.App.1996). The failure of the appellants here to comply with Rule 84.04 requires dismissal of their appeal. *Luft*, 935 S.W.2d at 687.

### Conclusion

The appellants' appeal is dismissed for failure to comply with Rule 84.04.

All concur.