**K.M. SKALECKI and Thomas Dempsey, Respondents,**

v.

**Mark H. SMALL, Jr., Kathleen E. O'Sullivan and Thomas P. O'Sullivan, Sylvia M. Wiedeman and John A. Wiedeman, Appellants.**

**Ronald Carpenter, Respondent.**

No. 22073.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 10, 1998.

Motion for Rehearing or Transfer
Denied Aug. 31, 1998.

Application for Transfer Denied
Oct. 20, 1998.

James P. Tierney, Lathrop & Gage L.C., Kansas City, for appellants.

Kerry D. Douglas, Bolivar, for respondent Carpenter.

Lisa A. Ghan, John N. Vaughan, Lowther, Johnson, Joyner, Lowther, Cully & Housley, L.L.C., Springfield, for respondents Skalecki & Dempsey.

MONTGOMERY, Judge.

For the third time, this case comes before us. This Court's first opinion, *Skalecki v. Small*, 832 S.W.2d 954 (Mo.App.1992) (*Skalecki I*), and our second opinion, *Skalecki v. Small*, 951 S.W.2d 342 (Mo.App.1997) (*Skalecki II*), must be read as a preface to this opinion. Our previous opinions painstakingly detail the background and extensive procedural history of this case. We need not lengthen this opinion by repeating that information.

In *Skalecki II*, defendants' appeal was dismissed for lack of a final judgment. To ensure that a final and appealable judgment would subsequently be entered, this Court said, "[T]he parties should consider the advisability of submitting to the trial court, for signature and filing, one judgment adjudicating all claims asserted by all parties after *Skalecki-I*." 951 S.W.2d at 347. Upon remand, a final judgment adjudicating all the parties' claims was signed and filed by the trial judge on November 20, 1997. Defendants appeal from that judgment.

Initially, we turn to the merits of Respondent Carpenter's "Motion to Dismiss Points Relied On II and III of Appellant's Brief."[1] Carpenter claims these points violate the wherein and why requirements of Rule 84.04(d).[2] His motion is well taken.

Points II and III read as follows:

## II.

The trial court erred in (a) entering judgment on the pleadings for counterclaim defendants on owners' counterclaim for fraud and (b) refusing to permit owners to add Ronald Carpenter as a counterclaim defendant on the counterclaim for fraud.

## III.

The trial court erred in (a) entering judgment on the pleadings for counterclaim defendants on owners' counterclaim for conspiracy to defraud, and (b) refusing to permit owners to add Ronald Carpenter as a counterclaim defendant on owners' counterclaim for conspiracy to defraud.

Rule 84.04(d) requires a point relied on to "state briefly and concisely what actions or rulings of the [trial] court are sought to be reviewed and wherein and why they are claimed to be erroneous...." Also, Rule

---

1. Respondents Skalecki and Dempsey also have filed a motion to dismiss the appeal for the same reasons advanced by Carpenter. For simplicity's sake, we do not attempt to distinguish between the two motions.

2. Rule references are to Missouri Court Rules (1998), unless otherwise indicated.

84.04(d) provides that "[s]etting out only abstract statements of law without showing how they are related to any action or ruling of the [trial] court is not a compliance with this Rule."

In *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978), the Missouri Supreme Court explained the wherein and why requirements of Rule 84.04(d) as follows:

> After stating the ruling the trial court actually made, it stands to reason that the point should then specify *why* the ruling was erroneous. This requirement essentially contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed. After stating why the ruling was erroneous, the court then must be informed *wherein* the testimony or evidence gives rise to the ruling for which appellant contends.

*Id.* at 685.

Other cases such as *Ross v. Ross*, 888 S.W.2d 734, 736 (Mo.App.1994), describe the requirements of Rule 84.04(d) in the following manner:

> A point relied on must meet three requirements: (1) it must state the trial court's action or ruling about which the appellant complains; (2) it must state why the ruling was erroneous; and (3) it must state what was before the trial court that supports the ruling appellant contends should have been made.

*See also Jones v. Wolff*, 887 S.W.2d 806, 808 (Mo.App.1994); *Carrier v. City of Springfield*, 852 S.W.2d 196, 198 (Mo.App.1993); *Bentlage v. Springgate*, 793 S.W.2d 228, 229 (Mo.App.1990).

■ Points II and III fail to state wherein or why the action complained of was erroneous. Each point simply states the trial court erred without stating why it was error or what was before the trial court that supports the ruling Defendants contend should have been made. "It is not enough for the point, ..., via conclusions of claimed

error to simply say the trial court was wrong without alluding to some evidence or testimony which gives support to such conclusions." *Montesano v. James*, 655 S.W.2d 137, 139 (Mo.App.1983).

■ An insufficient point relied on preserves nothing for appellate review. *Bentlage*, 793 S.W.2d at 231. Rule 84.13(a) also provides that allegations not properly briefed shall not be considered in any civil appeal.

In *Brown v. Mercantile Bank of Poplar Bluff*, 820 S.W.2d 327, 339 (Mo.App.1991), appellants' point relied on read:

> The court erred in awarding actual damages because the only proof of such damages was speculative, and without foundation.

This Court held the point violated Rule 84.04(d), as the point failed to state wherein and why the challenged ruling was erroneous. *Id.* Consequently, the point presented nothing for review. *Id.*

Points II and III are similarly flawed. Therefore, these points present nothing for review.

As to Point I, Defendants' remaining point relied on, Respondent Carpenter also claims it violates the requirements of Rule 84.04(d).[3] Point I states:

> The trial court erred in granting tax sale purchasers and counterclaim defendant Carpenter ("Respondents") summary judgment on owners' (Appellants') counterclaim for malicious prosecution because there is at least a genuine issue of material fact as to whether Respondents had probable cause for prosecuting or continuing the quiet title actions and as to whether there is the required malice for both compensatory and punitive damages.

Clearly, this point fails to set forth "wherein" the evidence shows the existence of a genuine issue of material fact. The point yields no clue as to what evidence Defendants presented showing lack of probable cause or the required malice.

In *Murray v. Missouri Real Estate Comm'n*, 858 S.W.2d 238, 239 (Mo.App.1993),

---

**3.** Carpenter asserts this claim in his suggestions filed in support of his motion to dismiss Points II and III.

a point relied on asserted "[t]he Administrative Hearing Commission erred in granting a motion for summary judgment for the benefit of the respondent ... under the theory of collateral estoppel." This Court declared that appellant failed to preserve any issue for our review, emphasizing that the point relied on violated the "wherein" and "why" requirements of Rule 84.04(d). *Id.*

Defendants' Point I suffers from a similar deficiency as the point in *Murray*. Applying *Murray*, we hold that Defendants' Point I presents nothing for review.

Although Point I is a nullity, we are aware that Rule 84.13(c) allows this Court to consider plain errors affecting substantial rights if manifest injustice or miscarriage of justice resulted therefrom. *Ex gratia* review under the plain error standard reveals no basis for appellate relief as to Point I.

Judgment affirmed.

GARRISON, C.J., and BARNEY, J., concur.