**MIDWEST ARBITRATION AND MEDIATION, INC.,**
Plaintiff–Appellant,

v.

**James CONDRY, Defendant–Respondent.**

No. 22496.

Missouri Court of Appeals,
Southern District,
Division Two.

March 28, 2000.

Motion for Rehearing or Transfer Denied
April 19, 2000.

Application for Transfer Denied
May 30, 2000.

---

Richard L. Routman, Kansas City, for appellant.

Mathew W. Placzek, Placzek, Francis & Overby, Springfield, for respondent.

Before MONTGOMERY, P.J., GARRISON, C.J., and BARNEY, J.

## PER CURIAM.

Midwest Arbitration and Mediation, Inc. ("Midwest") appeals from a judgment denying its motion to compel arbitration between itself and James Condry ("Condry") pursuant to a provision in a contractual agreement. We dismiss the appeal for failure to comply with Rule 84.04.[1]

Midwest framed its points relied on as follows:

> The trial court erred in concluding that the contract between the parties did not contain an agreement to arbitrate.

> The trial court erred in failing to compel arbitration in the face of a contract that plainly and unambiguously requires any unresolved dispute between the parties to be submitted to binding arbitration.

> The trial court erred in denying the motion to compel arbitration because federal and Missouri law [sic] provide that where the parties provide in their agreement for a method appointing arbitrators, that method shall be followed.

Condry asserts that each of these points violates the wherein and why requirements of Rule 84.04(d) and that such a violation

warrants dismissal of the appeal. We agree.

The version of Rule 84.04(d) that was in effect at the time Midwest filed its brief provided that a point relied on in an appellant's brief shall "(A) identify the trial court ruling or action the appellant challenges; (B) state concisely the legal reasons for appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." The requirements of Rule 84.04(d) were interpreted in *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978), in which the court stated:

> The dual requirements of Rule 84.04(d) that the point relied on state Wherein and Why the action or ruling is claimed to be erroneous are apparently the most common source of error in appellate briefing. Actually, compliance with these requirements is a matter of common sense if counsel bear in mind the informational purpose of the brief. After stating the ruling the trial court actually made, it stands to reason that the point should then specify Why the ruling was erroneous. This requirement essentially contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed. After stating why the ruling was erroneous, the court then must be informed Wherein the testimony or evidence gives rise to the ruling for which appellant contends.

Each of Midwest's points relied on fails to comply with Rule 84.04(d). Midwest states that the trial court erred in failing to compel arbitration, but does not allege why the trial court's ruling was in error, and fails to refer to testimony or evidence presented in the case to support

---

**1.** All rule references are to Missouri Rules of Civil Procedure (1999), unless otherwise indicated.

its contentions. It is not sufficient to merely set out what the alleged errors are without stating wherein and why the ruling is erroneous. *See Murphy v. Aetna Cas. & Sur. Co.*, 955 S.W.2d 949, 950 (Mo. App. S.D.1997).

■ Insufficient points relied on preserve nothing for appellate review and constitute grounds for dismissal. *Skalecki v. Small*, 976 S.W.2d 566, 568 (Mo.App. S.D. 1998). Deficient points relied on force the appellate court to search the argument portion of the brief or record itself to determine an appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than appellant intended or his opponent understood. *Myrick v. Eastern Broad., Inc.*, 970 S.W.2d 885, 886 (Mo. App. S.D.1998); *see also Thummel*, 570 S.W.2d at 686. If we attempt to interpret Midwest's points as stated, this court will be forced to act as an advocate for Midwest, which we cannot do. Midwest's appeal must, therefore, be dismissed.

■ We decline plain error review in this case. Plain error review, which is discretionary under Rule 84.13(c), is generally not appropriate where an appellant fails to identify wherein and why the trial court erred. *Marks v. Hopkins*, 952 S.W.2d 747, 748 (Mo.App. S.D.1997). Furthermore, Midwest, in its reply brief, did not respond to Condry's contention that its points relied on were deficient, and failed to request plain error review.

Because of violations of Rule 84.04(d), this appeal is dismissed.