STATE of Georgia ex rel. Sharon
R. GREENE, Appellant,

v.

Vachel A. GREENE, Respondent.

No. WD 58624.

Missouri Court of Appeals,
Western District.

July 31, 2001.

William E. Simmons, Clinton, for Appellant.

David E. Bailey, Clinton, for Respondent.

Before EDWIN H. SMITH, P.J., and SMART and HOWARD, JJ.

EDWIN H. SMITH, P.J.

The relator, Sharon R. Greene, appeals the judgment of the Circuit Court of Henry County, entered pursuant to §§ 454.850—454.997,[1] the Uniform Interstate Family Support Act (UIFSA), confirming a Georgia order of child support and establishing arrearages thereon.

In her sole point on appeal, the relator claims that the circuit court "erred in making and entering its 'Judgment Confirming Registered Order.'" Because her point relied on fails to comply with the requirements of Rule 84.04(d),[2] it preserves nothing for our review, requiring us to dismiss.

## Facts

The relator and Vachel Greene were married in Georgia in 1979. They had one child during their marriage, Kendra Ruth Greene, born July 14, 1980. The couple later separated, entering into a separation agreement on February 19, 1982. The agreement provided that the relator would have primary custody of the minor child, with the respondent allowed reasonable visitation and ordered to pay $25 per week in child support directly to the relator, beginning February 22, 1982. A final judgment and decree of divorce was entered by the Superior Court of Sumter County, Georgia, on March 30, 1982. The judgment incorporated by reference the couple's separation agreement, making it a part of the divorce decree.

In June 1983, the respondent was arrested and jailed in Georgia on charges of armed robbery and petty theft. He subsequently pled guilty to those charges and was sentenced to thirteen years imprisonment, eventually being released on May 1, 1996. During his imprisonment, the respondent did not pay any child support of record, nor did he seek to abate the order of support. Sometime after his release from prison, the respondent moved to Missouri.

On March 26, 1999, the State of Georgia, based upon information received from the relator, filed a UIFSA petition with the Missouri Division of Child Support Enforcement (DCSE) based upon the Georgia order of support, requesting registration and enforcement of the support order, collection of arrears thereon, and income withholding. The petition was refiled on June 9, 1999, to include a certified copy of the Georgia judgment, as required by § 454.951 of UIFSA, as well as a properly executed affidavit of the arrearage amount. In the UIFSA petition, it was alleged that the respondent had only paid of record $75 in child support from February 22, 1982, to March 30, 1982, and that the respondent owed an arrearage amount of $21,325.

Sometime after the filing of the UIFSA petition with the DCSE, the DCSE forwarded it to the prosecutor of Henry County, where the respondent was residing, for registration. The prosecutor filed

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. All rule references are to the Missouri Rules of Civil Procedure (2001), unless otherwise indicated.

a petition to register the Georgia support order in the Circuit Court of Henry County, Missouri, on September 16, 1999. The respondent contested the registration of the Georgia judgment by filing an answer and petition for review on September 23, 1999. As a result, a one-day trial was held before the Honorable William J. Roberts on March 9, 2000.

At trial, the respondent testified that he was paid money and jewelry while in prison for doing tattoos for the other prisoners and the guards, and that he sent this money and jewelry, totaling approximately $3,000, to his mother to give to the relator for child support. He had no records of these payments. He admitted at trial that he paid no child support after his release from prison, even though Kendra was only 15 years old and unemancipated. He claimed that he did not believe that he was obligated to pay support since, to his knowledge, Kendra was living with his sister instead of with the relator. There was no dispute at trial that Kendra was emancipated on July 14, 1998, at which point the respondent's child support obligation was terminated.

At the conclusion of the trial, the court confirmed the Georgia judgment and ordered it registered. As to arrearages, the court determined that the respondent's past child support obligation under the terms of the Georgia judgment was $21,400. The court gave the respondent credit against this amount for the $75 paid of record and an additional credit of $1,525 for payments not made of record between February 22, 1982, to June 1, 1983. The court also gave the respondent credit of $16,800 for the child support which accrued during the time he was incarcerated, as well as credit for $1,600 in payments made between February 22, 1982, and June 1, 1983. Thus, the court determined the arrearage amount due and owing was

$3,000. The relator filed a motion for a new trial on March 24, 2000, which the court considered and denied on May 9, 2000.

This appeal follows.

## I.

Because we must determine our jurisdiction, *sua sponte, Hall v. Mo. Bd. of Prob. & Parole*, 10 S.W.3d 540, 542–43 (Mo.App. 1999) (citations omitted), we must first address whether or not the relator's facially deficient point relied on sufficiently complies with Rule 84.04(d), which sets forth the requirements for a valid point relied on, to invoke our jurisdiction. We find that it does not.

Rule 84.04(d) provides, in pertinent part:

(d) Points Relied On.

(1) Where the appellate court reviews the decision of a trial court, each point shall:

   (A) identify the trial court ruling or action that the [relator] challenges;

   (B) state concisely the legal reasons for the [relator's] claim of reversible error; and

   (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

   . . .

(4) Abstract statements of law, standing alone, do not comply with this rule. Any reference to the record shall be limited to the ultimate facts necessary to inform the appellate court and the other parties

of the issues. Detailed evidentiary facts shall not be included.

Thus, under the rule, each point relied on must:

(1) identify the trial court's ruling or action that the [relator] is challenging on appeal; (2) state the legal reasons for the [relator's] claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review. Rule 84.04(d) sets forth a form for a point relied on that satisfies the [rule's] requirements.

*Franklin v. Ventura,* 32 S.W.3d 801, 803 (Mo.App.2000) (citation omitted). The relator's point relied on fails as to the third required element.

■ The relator's point relied on reads:

The trial court erred in making and entering its "Judgment Confirming Registered Order" herein on March 9, 2000, because such judgment retroactively modified and reduced a State of Georgia child support judgment sought to be registered in this state pursuant to the Uniform [Interstate] Family Support Act adopted by this state [§ 454.850, et seq., RSMo.1994, Supp.1996], in that:

(A) the Georgia child support judgment was and is entitled to full faith and credit by the trial court; and

(B) such retroactive reduction and modification of the Georgia child support judgment violated the Uniform [Interstate] Family Support Act adopted by Missouri, particularly §§ 454.953(c) and 454.973, RSMo.1994, Supp.1999.

As to the ruling being challenged, it would appear that the relator is only attempting to attack that part of the circuit court's judgment determining, *de novo,* the arrearages that had accrued on the Georgia order of child support, inasmuch as the court confirmed the Georgia judgment ordering the respondent to pay $25 per week. There was never a judgment entered in Georgia establishing any arrearages. In any event, even if we give the relator the benefit of the doubt to which ruling she is challenging as error, she still wholly fails to explain, in summary fashion, why, in the context of the case, the legal reasons she alleges support the claim of reversible error, as required by the rule. Rule 84.04(d)(1)(C); *Wilson v. Carnahan,* 25 S.W.3d 664, 666 (Mo.App.2000). As such, the relator's point does not intelligibly disclose the issue or issues she is pursuing on appeal, *Hall,* 10 S.W.3d at 544 (citation omitted), but rather consists of abstract legal conclusions, with no factual support provided, which is not sufficient under the rule. *Coleman v. Gilyard,* 969 S.W.2d 271, 274 (Mo.App.1998).

■ It is well-settled that:

[c]ompliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the [relator's] assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the [relator's] contention differently than the [relator] intended or his opponent understood.

Further ... [i]t is not the function of the appellate court to serve as advocate for any party to an appeal. Thus, we have no duty to search the transcript or record to discover the facts which substan-

tiate a point on appeal. That is the duty of the parties, not the function of an appellate court.

*Franklin,* 32 S.W.3d at 803–04 (citations omitted). "Insufficient points relied on preserve nothing for this court to review, and, as such, [v]iolations of Rule 84.04 are grounds for a court to dismiss an appeal." *Wilson,* 25 S.W.3d at 667 (citations omitted). In our view, the relator's point relied on is so deficient that it preserves nothing for this court to review, and we decline to address it. *Id.*

■ Even if the relator's point relied on were not deficient, her argument thereon clearly is. She never develops, in the argument portion of her brief, exactly how the facts she recites therein support her contention that the circuit court's determination of the arrearages was a prohibited retroactive modification under UIFSA. Rule 84.04(e); *Coleman,* 969 S.W.2d at 274. Rather, her argument, like her point relied on, merely contains abstract conclusions of law, which is not sufficient. Rule 84.04(d)(4); *Coleman,* 969 S.W.2d at 274. If a party "fails to support a contention . . . with argument beyond conclusions, the point is considered abandoned." *Coleman,* 969 S.W.2d at 274 (citation omitted).

### Conclusion

We dismiss the appeal for the relator's failure to comply with Rule 84.04(d).

SMART and HOWARD, JJ., concur.