Vernon WHITE, Plaintiff–Respondent,

v.

RPM MANAGEMENT, INC., and Sunterra Corporation, Defendants–Appellants.

No. 26948.

Missouri Court of Appeals, Southern District, Division Two.

March 27, 2006.

Jonathan D. Cope, The Styron Law Firm, Ozark, for appellant.

Jeffery L. Love, Millington, Glass & Love, Springfield, for respondents.

PHILLIP R. GARRISON, Judge.

Sunterra Corporation ("Sunterra") and RPM Management, Inc., ("RPM") (collectively referred to as "Defendants") appeal from the trial court's judgment finding that Vernon White ("Plaintiff") was not a member of Fall Creek Resort and therefore was not required to pay resort maintenance fees to Defendants. For reasons specified below we dismiss the appeal.

This action surrounds certain provisions of declarations recorded with the Taney County Recorder of Deeds pertaining to membership in Fall Creek Resort. The first of these declarations, filed on February 28, 1989, by Treasure Resorts, Inc, titled "Declaration as to Covenants and Restrictions as to Use and Occupancy," ("Declaration A"), provides no legal description of the real property subject to its terms. Declaration A was later amended to subject the following property to its terms:

> Lots 1–67, FALL CREEK R–V ESTATES, Phase I, a subdivision per the recorded plat thereof, Plat Book 23, page 53 of the Taney County Recorder's Office.

> Lots 1–15, FALL CREEK R–V ESTATES, Phase II, a subdivision per the recorded plat thereof, Plat Book *23*, page *87* of the Taney County Recorder's Office.

On March 23, 1992, Fall Creek Development, Inc., recorded its "Declaration as to Covenants and Restrictions as to Use and Occupancy" ("Declaration B"), while providing no legal description of property subject to that declaration. Declaration B set forth substantially the same provisions as Declaration A with the exception that Declaration B refers to and defines membership in "Fall Creek Resorts" rather than "Treasurer Resorts, Inc."

Plaintiff purchased his first lot in the Fall Creek R–V Estates on June 14, 2001. He later purchased three additional lots, the last of which occurred on May 8, 2003. In early 2003, RPM mailed to Plaintiff a "Fall Creek Resort 2003 Assessment Billing and Collection Policy," which set forth procedures that would be followed to collect unpaid assessments from its members.

Plaintiff, under the impression that he was not a member of Fall Creek Resort, went immediately to the recorder of deed's office, and reviewed the declarations on file covering his lots.

Plaintiff then filed a petition for declaratory judgment in the circuit court of Taney County, requesting that the court enter a declaratory judgment finding that: (1) he is not a member of Fall Creek Resort solely by virtue of the declaration; (2) Defendants have no right to assess, bill and collect dues from him for Fall Creek Resort membership solely by virtue of the declaration; (3) Defendants have no right to act in any respect as Successor Declarant under the declaration; and (4) Defendants have no right to enforce any of the affirmative covenants and restrictions contained in the declaration. The case, consisting of the petition as well as Defendants' answer and counterclaim, was tried by the court and resulted in a judgment for Plaintiff.

Defendants filed a "Motion for New Trial, to Reopen Judgment, to Take Additional Testimony, to Make New Findings and Enter New Judgment Pursuant to Missouri Rule of Court 78.01." The court sustained the motion "only to the extent of setting aside the original Judgment, and requiring the submission of a new Judgment containing findings of fact and conclusions of law, and disposing of all claims, including those raised in Defendants' Counterclaim." The amended judgment states in pertinent part:

2. Neither the language of the Declarations, nor any other evidence presented, impose upon the Plaintiff an affirmative covenant that runs with the Lots requiring Plaintiff's mandatory membership in and to any resort facilities and amenities, including those presently known as Fall Creek Resort.

3. Neither the language of the Declarations, nor any other evidence presented, provide the Defendants, individually or jointly, with any authority or right to determine, assess, bill and/or collect from the Plaintiff any fees or dues for a mandatory membership in and to any resort facilities and amenities, including those presently known as Fall Creek Resort.

4. Neither the language of the Declarations, nor any other evidence presented, provide the Defendants, individually or jointly, with the right to act in any respect as successor to the original declarants under the Declarations.

5. Neither the language of the Declarations, nor any other evidence presented, confer upon the Defendants, individually or jointly, any right to administer and enforce the declarations.

6. The language of the Declarations is vague and ambiguous relative to the issues presented, and neither the language of the Declarations, nor any other evidence presented, entitle the Defendants to the relief they seek, individually or jointly, in the Defendants' Counterclaim.

Defendants now appeal.

■ Defendants present four points relied on in their brief. In order to assist in explaining the dismissal of Defendants' appeal, we set out each point verbatim:

I. The trial court erred in applying the law, declaring that neither the language of the Declarations, nor any other evidence presented, impose upon the Plaintiff an affirmative covenant that runs with the lots requiring Plaintiff's mandatory membership in and to any resort facilities and amenities including those presently known as Fall Creek Resort. The trial court failed to properly apply contract law to determine whether the Declarations impose an implied contract

requirement that [Plaintiff] be a member of Fall Creek Resort. The trial court's conclusion of law is contrary to the express terms of each Declaration requiring mandatory membership and nullifies Article III, Section I, of each Declaration which expressly states that fee site ownership is indivisible from the membership in the resort. Furthermore, the covenant runs with the land without a declaration to that effect.

II. The trial court erred in applying the law, declaring that neither the language of the declarations, nor any other evidence presented, provide [Defendants] with any authority to assess and collect from [Plaintiff] any fees for a mandatory membership in and to any resort facilities and amenities, including those presently known as Fall Creek Resort. The trial court failed to properly apply contract law to determine whether the Declarations impose an express or implied contract requirement that [Plaintiff] be obligated to pay fees for a mandatory membership in Fall Creek Resort. The trial court's conclusion of law is contrary to the terms of Sections D and E of Article XIV and XIII, respectively, of each Declaration which expressly state that fee sight owners are subject to the rights and duties of membership and obligated to pay all related fees and renders as incomprehensible Article III, Section I, of each Declaration since fee site ownership and resort membership cannot be severed and the declarant would be obligated to provide resort services without compensation. Furthermore, the covenant runs with the land without a declaration to that effect.

III. The trial court erred in applying the law, declaring that neither the language of the Declarations, nor any other evidence presented, confer upon [Defendants], as Declarant, any right to administer and enforce the Declarations. The trial court failed to properly apply contract law to determine whether the Declarations grant an implied contract right to the Declarant to assess and collect membership fees. The trial court's conclusion of law is contrary to Declarant's inherent right to sue and be sued, complain and defend in any court of law or equity under Mo.Rev.Statute § 351.385 and improperly implies a restrictive covenant in the Declaration that the Declarant is excluded from bringing such suit.

IV. The trial court erred in applying the law, declaring that neither the language of the Declarations, nor any other evidence presented, confer upon [Defendants], as Declarant, any right to administer and enforce the Declarations. The trial court failed to properly apply the law to determine whether [Plaintiff's] counsel made judicial admissions that Defendants were the successor Declarant. The trial court's conclusion of law is contrary to the evidence of Sunterra['s] management of Fall Creek Resorts, as Declarant, which was admitted through counsel's statements to the trial court at trial and demonstrated by the exhibits of counsel for [Plaintiff].

Rule 84.04(d)[1] requires that each point relied on "shall: (A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible

---

**1.** All rule references are to Missouri Rules of Civil Procedure (2005) unless otherwise indicated.

error." The rule offers the following template as further instruction:

> The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Rule 84.04(d).

All four of Defendants' points relied on fail to comply with the requirements of Rule 84.04(d). Defendants' assertions that the "trial court erred in applying the law" arguably identify the trial court action complained of. However, Defendants' points fail to state concisely the "legal reasons for the appellant's claim of reversible error," and fail to explain, in summary fashion, why, in the context of the case, any legal reasons support their claim that the trial court erred in applying the law. Rule 84.04(d). Additionally, Defendants' points are not in the form set out in the rule for a proper point relied on. Defendants recite abstract statements of law, which are unacceptable in satisfying the requirements of Rule 84.04(d). *Bridges v. American Family Mut. Ins. Co.,* 146 S.W.3d 456, 458 (Mo.App. W.D.2004).

 Appellate review is restricted to the issues raised in the points relied on. *Young v. Ernst,* 113 S.W.3d 695, 697 (Mo.App. S.D.2003). The requirements of Rule 84.04(d) are meant to ensure that the opposing party is provided with "notice of the precise matters which must be contended with" and also "to inform the court of the issues presented for review." *Id.* "To articulate the points [Defendants] may be attempting to assert requires speculation, research, and decision making as an advocate, an inappropriate role for an appellate court." *Stickley v. Auto Credit, Inc.,* 53 S.W.3d 560, 563 (Mo.App. W.D.2001).

 "Insufficient points relied on preserve nothing for appellate review and constitute grounds for dismissal." *Midwest Arbitration and Mediation, Inc. v. Condry,* 17 S.W.3d 147, 149 (Mo.App. S.D. 2000).

Lastly, we note that Defendants fail to recite the applicable standard of review in the argument section of their brief. Rule 84.04(e) requires that the argument section "shall also include a concise statement of the applicable standard of review for each claim of error."

Based on these factors, the appeal is dismissed.

BATES, C.J., and BARNEY, J., concur.