**STATE of Missouri ex rel. GREENE COUNTY, Missouri, Plaintiff– Respondent,**

v.

**Sara J. BARNETT, Richard Frank Lisek and Carmen Ann Lisek, Defendants–Appellants.**

No. 27913.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 4, 2007.

William T. Norrid, Springfield, MO, for Appellants.

Theodore L. Johnson III, Springfield, MO, for Respondent.

Before BARNEY, P.J., GARRISON, J. and RAHMEYER, J.

PER CURIAM.

Sara J. Barnett, Richard Frank Lisek and Carmen Ann Lisek (collectively, "Appellants") are the owners of title to the real estate located at 3142 W. Glenwood Street, Springfield, Greene County, Missouri. Greene County sought and received a permanent mandatory injunction to abate violations of Greene County's Zoning Regulations, specifically, ordinances dealing with the number of dogs and cats located on the premises. The court found that Appellants violated two different sections of the Regulations. Appellants present two points on appeal; however, we find that neither of the points relied on comply with Rule 84.04.[1] Given these deficiencies, we find that Appellants' brief preserves nothing for appellate review. The appeal is dismissed.

■ "Appellate courts are not required to review an appeal on the merits where there are flagrant violations of Rule 84.04 concerning the requirements of an appellate brief in a civil case." *Coleman v. Gilyard*, 969 S.W.2d 271, 273 (Mo.App. W.D.1998). "Missouri appellate courts require a Point Relied On to comply with the specific requirements of Rule 84.04(d), and have held that, '[a]n insufficient point relied on, which cannot be understood without resorting to the record or the argument portion of the brief, preserves nothing for appellate review.'" *Blakey v. AAA Professional Pest Control, Inc.*, 219 S.W.3d 792, 794 (Mo.App. E.D.2007) (*quoting Coleman*, 969 S.W.2d at 274). Furthermore, "[a]n appellant must cite authority in support of his points relied on if the point is one for which precedent is appropriate and available." *Luft v. Schoenhoff*, 935 S.W.2d 685, 687 (Mo.App. E.D. 1996). The points relied on serve as an informative structure that aids the appellate court in efficient review. Therefore, where the points relied on have failed to give notice to the appellate court as to the issues presented, the brief impedes disposition on the merits, and the appeal may be dismissed. *Christeson v. State*, 131 S.W.3d 796, 799 n. 5 (Mo. banc 2004).

■ Here, both of Appellants' points suffer from the same deformities. Each point is lacking in substance and legal analysis, and, although a court could take the time to find a valid argument in each of the points relied on, no court is required to do so. *Midwest Arbitration and Mediation, Inc. v. Condry*, 17 S.W.3d 147, 149 (Mo.App. S.D.2000). Rule 84.04(d)(1) states that each point relied on shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal rea-

---

1. All rule references are to Missouri Court Rules (2007), unless otherwise specified.

sons support the claim of reversible error.

The rule offers the following template as further instruction:

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Here, Appellants present the following points relied on:

I.  The trial court erred in finding that Appellants violated article IV, section 22(11)(n) of the Greene County Zoning Regulation restricting home occupations in that there was no evidence that Appellants were running a "private kennel" as defined by article IV[sic], section 3(B)(63) of the Greene County Zoning Regulations.

II. The trial court erred in failing to find that the Appellants' keeping and maintaining of more than 3 dogs on their property constitutes a non-conforming use of the property which is constitutionally protected.

■ Each of the points fail in two respects: first, each of the two points fail to state concisely the legal reasons for Appellants' claim of reversible error; and, second, the points fail to, pursuant to Rule 84.04(d)(1)(C), "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." It should also be noted that neither point is in the form set out in Rule 84.04(d), for a proper point relied on. When briefs are not in conformity with the applicable rules they do not sufficiently advise the courts of the meritorious issues presented. *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). The court is then forced to decide a case based on inadequate briefing and is forced to take on an advocacy role by "undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role." *Id.*

In each of the two points relied on, Appellants assert only that "the trial court erred," as the legal reasons supporting reversible error. This abstract statement of law does not meet the burden of stating a concise legal reason for Appellants' claim of reversible error. Rule 84.04; *White v. RPM Management, Inc.,* 186 S.W.3d 497, 501 (Mo.App. S.D.2006) (where defendants asserted only that the "trial court erred in applying the law," the court held that abstract statements of law are unacceptable in satisfying the requirements of 84.04(d)).

■ Additionally, in each of the two points relied on, Appellants include no factual context from the case that would serve to explain in summary fashion, in the context of this case, why the legal reasons support reversible error. Although Appellants did provide a complete recitation of the trial court's ruling and the relevant law, there are no contextual clues that would allow this court to determine how the law, as stated, provides for disposition of the case. *See White,* 186 S.W.3d at 501 (where defendants provided a lengthy recitation of the trial court's rulings and relevant law, the points relied on were insufficient without reference to some factual context and the appeal was dismissed for violations of Rule 84.04(d)).

■ It should also be noted that in Appellants' first argument, with the exception of the standard of review and the relevant statutory definitions, Appellants do not cite any legal authority, and instead argue only their fact specific conclusions. "Arguments raised in the points relied on

which are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing for appellate review." *Luft*, 935 S.W.2d at 687. "If a party fails to support a contention with relevant authority or argument beyond conclusions, the point is considered abandoned." *Id.*

In an appeal, the movant has the burden to establish error that warrants relief through adequate points and arguments. This burden shall not be shifted to the appellate court. Accordingly, we find that Appellants' brief is insufficient under 84.04. The appeal is dismissed.