Thomas A. SWOPE; Judy N. Swope; Estate of O.W. Schneider, Jr., by and through personal representatives for the Estate of O.W. Schnieider, Jr.; Tracy Leigh Schneider Morris; O.W. Schneider, III; Kris Douglas Schneider; Melody Dawn Schneider; Mark William Schneider; Tracy Lynn Schneider Morris; O.W. Schneider, III, Appellees,

v.

**SIEGEL–ROBERT, INC., a Nevada corporation, Appellant.**

Nos. 99–3114, 00–2234.

United States Court of Appeals,
Eighth Circuit.

Oct. 30, 2001.

Before WOLLMAN, Chief Judge, McMILLIAN and BYE, Circuit Judges.

**ORDER**

Following our February 26, 2001 opinion in *Swope v. Siegel–Robert,* 243 F.3d 486 (8th Cir.2001), appellee minority share-

holders moved to modify the mandate, requesting that the mandate: (1) prohibit further stays of execution of the affirmed part of the judgment; (2) specify pre-judgment interest as occurring prior to the date of the district court's original judgment on June 23, 1999, and post-judgment interest as occurring after that date; and (3) authorize appellees to draw on a Letter of Credit posted as security for collection of the judgment. In the alternative, appellees request that we modify the mandate to: (1) allow the pre-judgment interest rate to apply until the date of the final disposition on remand; (2) prohibit any further stays of execution after the remand amount is calculated; and (3) authorize drawing on the Letter of Credit as of the date of the remand.

After consideration of appellees' motion to modify the mandate, we grant the motion in part. We hereby order that the affirmed part of the judgment is final and therefore subject to immediate execution. Pursuant to Fed. R.App. P. 37(b),[1] we clarify that the affirmed part of the judgment is subject to pre-judgment interest prior to the date of the district court's original decision on June 23, 1999, and subject to post-judgment interest thereafter.

We reserve to the discretion of the district court the determination of: (1) the amount of price-per-share reflecting the minority discount erroneously taken (the remand portion of the judgment); (2) the date from which pre- and post-judgment interest is to be calculated on the remand portion of the judgment; and (3) authorization to draw on the Letter of Credit.

It is so ordered.

---

1. Fed. R.App. P. 37(b) states that: "If the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest."