# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 02-6041EM

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Popkin & Stern, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| Robert J. Blackwell, Liquidating | * | |
| Trustee of the Popkin & Stern | * | Appeal from the United |
| Liquidating Trust, | * | States Bankruptcy Court |
| | * | for the Eastern District of |
| Plaintiff - Appellee, | * | Missouri |
| | * | |
| v. | * | |
| | * | |
| Ronald U. Lurie, | * | |
| | * | |
| Defendant - Appellant. | * | |
| | * | |

———

Submitted:  November 12, 2002
Filed: January 13, 2003

———

Before KRESSEL, DREHER, and FEDERMAN, Bankruptcy Judges.

———

DREHER, Bankruptcy Judge.

Ronald U. Lurie ("Lurie") appeals the bankruptcy court's order of July 19, 2002, finding that the 1994 judgment against Lurie was for a sum certain, was not subject to modification or adjustment, was not ambiguous, contingent or derivative, and was subject to collection and execution. For the reasons set forth below, we affirm.

FACTS and PROCEDURAL HISTORY

This dispute arises in the continuing saga of the bankruptcy case of Popkin & Stern, a Missouri law firm ("Debtor"). Lurie was the managing partner of the firm at the time Debtor's creditors commenced an involuntary chapter 7 bankruptcy case against the Debtor in March 1992. Debtor then converted the case to one under chapter 11, and Appellee Robert Blackwell ("Blackwell") was appointed trustee.

On August 27, 1993, the bankruptcy court confirmed Debtor's proposed plan of reorganization ("the plan"). The plan provided for the creation of a liquidating trust to collect Debtor's assets and distribute them to creditors pursuant to the terms of the plan. The plan further provided that Blackwell would be the trustee of the liquidating trust. Lurie agreed to contribute $361,704.00 to the liquidating trust. The terms and conditions relating to his contribution were set forth in the plan, a Participant Settlement Agreement, a First Participant Settlement Note executed August 21, 1993, a Second Participant Settlement Note executed August 21, 1993, and a Deed of Trust executed August 27, 1993. The plan also provided that each partner contributing to the liquidating trust (termed a "Settling Participant") would receive a release from creditors of any and all claims relating to the liabilities of Debtor, and that an injunction would be issued to enforce said release.

2

In the plan, Section 5.2(a) sets forth the default provisions.[1] Additionally, Section 5.2(c) provided that each Settling Participant consented to the jurisdiction of the bankruptcy court. It further provided that, in the event of default by the Settling Participant, Blackwell had standing to assert a claim for relief against such defaulting Settling Participant to seek payment of any deficiency in the liquidating trust and estate obligations.

Furthermore, in Lurie's Participant Settlement Agreement he consented to all the terms and conditions of the plan, and agreed to satisfy all obligations contained in the first and second Participant Settlement Notes. Lurie subsequently defaulted in his obligation to pay the liquidating trust and Blackwell, as part of his duties as the liquidating trustee, filed an adversary complaint against Lurie.

---

[1]Paragraph 5.2(a) of the Plan states:

(a) Any default under the Participant Settlement Agreement shall vitiate the releases given to the Settling Participant under the Plan (but only as to the defaulting Settling Participant and not as to other Settling Participants that are not in default of their obligations under their Participant Settlement Agreement; releases given by the defaulting Settling Participants to Released Parties shall remain in full force and effect, except for defensive purposes as set forth below) and shall reinstate the defaulting Settling Participant's liability, if any, to the Debtor's creditors for the Debtor's obligations, subject to any defenses, claims and counterclaims that such defaulting Settling Participant may have (and subject to the provisions of Section 5.2(c) below)(such defenses and counterclaims shall be solely for the purpose of offset against the defaulting Settling Participant's liability and for no other purpose, including any affirmative recovery against any Release Party) provided however, that any payments previously made by such defaulting Settling Participant, and further provided that no creditor shall be allowed to recover more than the amount of its claim less all distributions on account of such Claim.

On October 20, 1994, after a trial on the merits, the bankruptcy court granted judgment in favor of Blackwell and against Lurie for $1,121,743.00 ("the Lurie judgment"). The Lurie judgment was based on the estimated deficiency in the liquidating trust that could be assessed against Lurie, as a partner of Debtor. It also provided that if the amount of the deficiency was ultimately determined to be less than the amount of the judgment, "the Liquidating Trustee [Blackwell] shall move this court to reduce this judgment." Lurie appealed the judgment to the District Court, but the appeal was dismissed due to his failure to file his brief. In 1997, the Lurie judgment was revived by order of the bankruptcy court and Lurie again appealed. The Eighth Circuit affirmed the order of the bankruptcy court reviving the Lurie judgment. Blackwell v. Lurie (In re Popkin & Stern), No. 97-6091EMSL, slip op. (B.A.P. 8th Cir. March 5, 1998) (unpublished), *aff'd*, Blackwell v. Lurie (In re Popkin & Stern), 168 F.3d 494 (8th Cir. Dec. 23, 1998)(unpublished). On October 30, 2000, the Lurie judgment was revived a second time. That order was not appealed by Lurie.

While Blackwell was pursuing a judgment against Lurie in bankruptcy court, Lurie's default on his Participant Settlement Agreement, the plan and Liquidating Trust Agreement allowed participating creditors, including 8182 Maryland Associates ("8182 Maryland"), to pursue their claims against him. 8182 Maryland held an allowed claim in the Debtor's bankruptcy case for $976,806.02, but 11 U.S.C. § 502(b)(6) limited its claim against the estate to an amount less than 8182 Maryland's actual damages. It sued Lurie, among others, in the Circuit Court of St. Louis County, Missouri, and obtained a judgment against Lurie in the amount of $3,574.042.60("the 8182 Maryland judgment"). Thereafter, 8182 Maryland obtained a certification of final judgment, Lurie appealed, and the order was affirmed. 8182 Maryland Assocs. v. Lurie, 949 S.W.2d 150 (Mo. Ct. App. 1997).

Since the date of the Lurie judgment and the 8182 Maryland judgment, 8182 Maryland and Blackwell have recovered some funds on their respective judgments.

4

In addition, some creditor claims against the estate have been reduced. In response to these changing circumstances, Lurie filed a motion in the bankruptcy court on October 10, 2001, for an accounting, adjustment, statement of amount due, stay and voiding of executions. In response to this motion, the bankruptcy court entered an order directing Blackwell to file and serve an accounting and report of the Debtor's liquidating trust. Blackwell complied with the bankruptcy court's order and a series of objections by Lurie and responses by Blackwell followed.

On April 17, 2002 Lurie filed another motion seeking adjustment, release and abandonment of judgment and voiding the stay of executions. Shortly thereafter, Lurie filed a motion for a hearing requesting an evidentiary hearing on the October 10 and April 17 motions. The primary relief sought by Lurie in his motions was a declaration by the bankruptcy court that the Lurie judgment was not a final judgment for a sum certain, could be adjusted to reflect collections by Lurie and reductions in claims, and to stay Blackwell's attempts to further collect on the Lurie judgment. An evidentiary hearing was held on June 17, 2002, on Lurie's October and April motions, and on July 19, 2002, the bankruptcy court denied all relief requested in both.

The bankruptcy court also made the findings of fact and conclusions of law determining that the liquidating trust was entitled to reasonable costs of the accounting and supplemental accounting in the amount of $14,224.50, and $12,955.00 as reasonable attorney fees incurred by the Trustee in the defense of the motions. The bankruptcy court concluded that these costs could be added to the Lurie judgment. Lurie appeals from the July 19, 2002, order.

STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Papio Keno Club, Inc. v. City of Papillion (In re Papio Keno Club, Inc.), 262 F.3d 725, 728-29 (8th Cir. 2001). Reversal under the clearly

5

erroneous standard is proper only if the decision was "unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, in light of the entire record, we are left with a firm and definite conviction that a mistake has been made." United States v. Jorgensen, 871 F.2d 725, 728 (8th Cir. 1989); *see* Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).

## ISSUES

Lurie raises four issues on appeal:

1)      Since the Lurie judgment was based on estimated amounts due and subject to satisfaction if the actual deficiencies were less than the amount of the judgment, did the bankruptcy court err in finding that the Lurie judgment was for a final liquidated sum certain and should not be adjusted to reflect the reduction in certain claims against the bankruptcy estate;

2)      If court erred in determining the Lurie judgment was final and for a sum certain, did the bankruptcy court also err in ruling that interest could accrue under 28 U.S.C. § 1961 commencing the date on which the Lurie judgment was entered;

3)      Did the bankruptcy court also err in ruling that the Lurie judgment is subject to execution and collection proceedings;

4)      And finally, did the bankruptcy court err in assessing the  administrative and legal expenses incurred by or on behalf of Blackwell as liquidating trustee and adding those amounts to the amount of the Lurie judgment.

## DECISION

The first three issues raised by Lurie are inseparable. If the Lurie judgment was a final and appealable judgment for a sum certain, it follows that interest must accrue on the amount of the judgment and the judgment may be collected by any legal means available to Blackwell as liquidating trustee.

Lurie argues that the Lurie judgment was derived from and contingent upon the claims of Debtor's creditors and the determination of an actual deficiency in Debtor's estate. Lurie is correct that the Lurie judgment was based upon estimated claims, but he fails to recognize that the Lurie judgment was not an estimated judgment. It was, as the bankruptcy court found, a final judgment for a sum certain and unalterable. Claim preclusion, also known as res judicata, prevents him, more than eight years after the fact, from contesting the judgment under the guise of a motion.

> In applying the Eighth Circuit test for whether the doctrine of *res judicata* bars litigation of a claim, we examine whether (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was a final judgment on the merits, and (3) both cases involved the same cause of action and the same parties.

Canady v. Allstate Ins. Co., 282 F.3d 1005, 1014 (8th Cir. 2002). The judgment against Lurie meets this test. The bankruptcy court was the court of competent jurisdiction. The Lurie judgment was a judgment on the merits, involved the same parties, Lurie and Blackwell, and the same cause of action, the amount Lurie owes as the result of his default of his obligations to the liquidating trust. Lurie appealed the judgment and the District Court dismissed the appeal. Lurie also appealed the 1997 order reviving the Lurie judgment and again the Bankruptcy Appellate Panel and the Eighth Circuit Court of Appeals affirmed. The 2000 order reviving the same judgment was not contested or appealed. The Lurie judgment is a final judgment for all purposes and not contingent, derivative, or unambiguous.

7

Lurie also argues that the Lurie judgment should be adjusted to reflect a reduction in claims against the estate. In particular, Lurie contends that under an election of remedy theory the 8182 Maryland claim is not longer a proper claim against the estate and that four malpractice claims, exceeding $2,000,000.00, have been settled for $300,000.00.

The election-of-remedies doctrine does not apply, however, in this situation. The election-of-remedies doctrine bars the pursuit of inconsistent claims for relief and prevents double recovery for a single injury. *See* Kansas State Bank in Holton v. Citizens Bank of Windsor, 737 F.2d 1490, 1498-99 (8th Cir. 1984). Until it filed suit in Missouri after Lurie's default, 8182 Maryland did not have a judgment against Lurie. Once Lurie defaulted, 8182 Maryland was entitled to obtain a determination of the amount of its claim against Lurie. 8182 Maryland's claim against Debtor did not change as the result of its judgment; its seeking a judgment was not inconsistent with its filing a claim against the Debtor, and nothing in the bankruptcy court record suggests it is attempting to or has collected twice for a single injury. The bankruptcy court's finding that 8182 Maryland still has an outstanding balance on its judgment of more than $3,000,000.00 and still maintains a valid claim against the bankruptcy estate is not clearly erroneous.

As to the reduction of other claims against the estate, Lurie is correct that if Blackwell successfully reduces the amount of the claims against the estate or brings in assets from other sources sufficient to bring the deficiency below the amount of the judgment, Lurie is entitled to a satisfaction of the judgment. The bankruptcy court took evidence, made findings indicating that this had not yet happened and those findings are not clearly erroneous. Lurie is not entitled to a reduction in the amount of his judgment, if any, until all claims have been determined and final payment made to creditors under the terms of the liquidating trust.

Since the bankruptcy court correctly determined that the Lurie judgment was a final judgment for a sum certain, interest accrues on the judgment. Under Title 28 § 1961, "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Because a bankruptcy court is part of the district court, the statute applies to bankruptcy proceedings," Pester Refining Co. v. Ethyl Corp. (In re Pester Refining Co.), 964 F.2d 842, 849 (8th Cir. 1992), and "[p]ost-judgment interest accrues when damages are 'quantified in a final, appealable judgment.'" Vic Bernacchi & Sons, Inc. v. Loxas (In re Vic Bernacchi & Sons, Inc.), 170 B.R. 647, 656 (Bankr. N.D. Ind. 1994)(*quoting* Wheeler v. John Deere Co., 986 F.2d 413, 416 (10th Cir. 1993)); *see also* Rupp v. Omaha Indian Tribe, 45 F.3d 1241, 1246 (8th Cir. 1995)("liquidation occurs on the date of the judgment"). Therefore, the bankruptcy court did not err in finding that the judgment bore interest from October 20, 1994, the date of the judgment.[2]

In addition, a final judgment is also subject to immediate collection. *See* Swope v. Siegel-Robert, Inc., 270 F.3d 742, 743 (8th Cir. 2001). The bankruptcy court did not err in denying Lurie's motion to stay any execution or collection proceedings presently being pursued by Blackwell.

Lastly, Lurie contends that the bankruptcy court erred in ruling that the administrative and legal expenses incurred by or on behalf of Blackwell as liquidating trustee should be added to Lurie's judgment. Since the bankruptcy court's order only denied Lurie's motions, this conclusion of law made by the bankruptcy court is *dictum* and does not constitute reversible error. We do find that the bankruptcy court's conclusion of law adding on Blackwell's accounting and reasonable attorney fees to the amount of the judgment is incorrect. In determining the deficiency to be paid by the liquidating trust, part of the calculation is the fees and costs incurred by

---

[2]If the judgment is later satisfied for less than the full amount, the interest still runs from October 20, 1994, although only on the actual amount needed to satisfy the judgment. *See* Vic Bernacchi & Sons, Inc., 170 B.R. at 656.

the trustee including those incurred by him in this proceeding; however, it does not follow that Blackwell may add those fees to the judgment. As the bankruptcy court concluded in its order, the amount of the Lurie judgment is final, a sum certain and unalterable. The bankruptcy court may not now alter it. *See* Seimer v. Nangle (In re Nangle), 281 B.R. 654, 660 (B.A.P. 8th Cir. 2002)(discussing when attorney fees may be appropriately assessed against a party in a bankruptcy case).

ACCORDINGLY, we affirm the order of the bankruptcy court.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT