# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1325

_____

|  |  |  |
|---|---|---|
| In re:  Popkin & Stern, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Robert J. Blackwell, Liquidating | * | |
| Trustee of the Popkin & Stern | * | |
| Liquidating Trust, | * | Appeal From the United States |
| | * | Bankruptcy Appellate Panel. |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Ronald U. Lurie, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  September 11, 2003

Filed:   October 10, 2003
_____

Before LOKEN, Chief Judge, HEANEY and HANSEN, Circuit Judges.
_____

HEANEY, Circuit Judge.

Robert U. Lurie appeals the United States Bankruptcy Appellate Panel's (BAP) decision upholding the United States Bankruptcy Court's order of July 19, 2002, finding that a 1994 judgment against Lurie is subject to collection and execution, has been accruing interest since 1994, and that administrative costs can be added to the

judgment. For the reasons set forth below, we affirm the BAP's decision and determine that the administrative costs were properly added to what Lurie owes to the Liquidating Trust.

## BACKGROUND

This appeal comes to us after years of litigation stemming from the bankruptcy of Popkin & Stern, a Missouri law firm. The facts of this case are not in dispute and have been reported at length below. In re Popkin & Stern, 287 B.R. 738, 740-41 (B.A.P. 8th Cir. 2003). Lurie was a general partner of Popkin & Stern and agreed to contribute $361,704.00 to the firm's Liquidating Trust as part of the Chapter 11 reorganization plan. Lurie defaulted on the terms of the trust agreement allowing Robert J. Blackwell, the Liquidating Trustee, to bring suit against him for any deficiency in the Liquidating Trust and estate obligations. That suit resulted in a judgment against Lurie in the amount of $1,121,743.00 (1994 Judgment). In re Popkin & Stern, No. 92-42218-293, slip op. (Bankr. E.D. Mo. Oct. 20, 1994). This judgment also provided that "[i]f the amount of the deficiency is ultimately determined to be less than the amount of this judgment, the Liquidating Trustee shall move this Court to reduce this judgment." Id.

Lurie appealed the 1994 Judgment to the district court, but the appeal was dismissed due to Lurie's failure to file a brief. In 1997, the 1994 Judgment was revived by the bankruptcy court and Lurie appealed that revival. Both the BAP and the Eighth Circuit affirmed. In re Popkin & Stern, 266 B.R. 772 (B.A.P. 8th Cir. 1998), aff'd, 168 F.3d 494 (8th Cir. 1998) (unpublished table decision). In 2000, the 1994 Judgment was revived a second time and Lurie did not appeal that decision.

In 2002, Lurie filed a motion with the bankruptcy court, requesting a hearing on two previous motions filed in October 2001 and April 2002. The primary relief sought by Lurie in his motions was a declaration by the bankruptcy court that the

1994 Judgment was not a final judgment for a sum certain, that it could be adjusted to reflect reductions in claims, and to stay Blackwell's attempts to further collect on the 1994 Judgment. The bankruptcy court denied all relief and assessed Lurie the reasonable costs of the accounting and supplemental accounting in the amount of $14,224.50, and $12,955.00 as reasonable attorneys' fees incurred by the Trustee in the defense of the motions.

Lurie now appeals the BAP's decision, which affirmed the bankruptcy court's, holding that the 1994 Judgment was for a sum certain, was not subject to modification or adjustment, and was subject to collection and execution. Also before us is the BAP's determination that the administrative and legal expenses could not be added to the 1994 Judgment.

We apply the same standard of review as the BAP, reviewing the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. In re Popkin & Stern, 223 F.3d 764, 765 (8th Cir. 2000).

## ANALYSIS

In his appeal to this court, Lurie concedes that the 1994 Judgment is a final judgment, but argues that Blackwell cannot execute the judgment until all of Popkin & Stern's assets are liquidated and the actual deficiency of the Liquidating Trust is determined. The 1994 Judgment was for $1,121,743.00, plus interest. This is a final and certain sum creating in Lurie an immediate obligation to pay. The bankruptcy court did allow for a reduction in this amount if the "amount of the deficiency is *ultimately* determined to be less than the amount of this judgment." In re Popkin & Stern, No. 92-42218-293, slip op. (Bankr. E.D. Mo. Oct. 20, 1994) (emphasis added). In other words, Lurie must pay into the Liquidating Trust the maximum amount of $1,121,743.00, plus interest. If, when the Liquidating Trust is closed, this amount exceeds the actual deficiency of the Liquidating Trust, the court may reduce the

amount of the judgment owed by Lurie. This potential reduction, however, does not negate the fact that the 1994 Judgment is final, is for a sum certain, creates in Lurie an immediate obligation to pay, and grants Blackwell a right to immediately execute the judgment.

The BAP also did not err in applying interest to the Lurie judgment. The 1994 Judgment is for the final and certain sum of $1,121,743.00, "plus interest from the date of entry of judgment at the rate provided by 28 U.S.C. § 1961." Id. We agree with the BAP that based on the plain language of § 1961(a), interest began accruing on the 1994 Judgment the day it was entered. This fact is not altered by the possibility that the 1994 Judgment may ultimately be reduced if the actual deficiency of the Liquidating Trust is found to be less than the judgment. Should that situation occur, the court hearing that case can take the added interest into consideration when reducing Lurie's obligation.

Lurie next directs our attention to the administrative costs and attorneys' fees incurred by Blackwell on behalf of the Liquidating Trust. The bankruptcy court found that the Liquidating Trustee incurred reasonable costs in the amount of $14,224.50 for preparation of the accounting and supplemental accounting and reasonable attorneys' fees in the amount of $12,955.00 for defense of Lurie's October and April motions, and held that these fees should be added to the judgment against Lurie. The BAP stated that because the bankruptcy court's order only denied Lurie's motions, the bankruptcy court's findings on this issue was dictum and did not constitute reversible error. The BAP did add, however, that it disagreed with the bankruptcy court that the fees could be added to the judgment against Lurie because the judgment is a final and unalterable sum certain. We disagree with the BAP's ruling that the bankruptcy court's findings on administrative costs and fees is dictum. We also do not read the bankruptcy court's decision as adding the costs and fees to the 1994 Judgment. Instead, we read the bankruptcy court's decision as merely

-4-

assessing the administrative costs against Lurie and adding those costs to the amount Lurie still owes to the Liquidating Trust from the 1994 Judgment.[1]

To summarize, we hold that: (1) the 1994 Judgment is a final judgment for a sum certain; (2) Lurie has an immediate obligation to pay and Blackwell has a right to execute the judgment; (3) interest on the full $1,121,743.00 has been accruing since the judgment was entered and will continue to accrue until Lurie pays in full; (4) the costs and fees incurred by Blackwell in defending against the October and April motions were assessed against Lurie by the bankruptcy court and were not added to the 1994 Judgment, but were merely added to what Lurie owes to the Liquidating Trust; and (5) the reasonable administrative costs Blackwell has incurred as Trustee can be included in determining the actual deficiency, if any, of the Liquidating Trust. We trust that the ongoing litigation between these parties will now come to an end. Lurie must recognize his obligation to pay in accord with the 1994 Judgment and do so without further litigation. Moreover, it is time for Blackwell to close the books on the Liquidating Trust and stop incurring ongoing costs and fees which continue to increase the deficiency of the Trust.

_____

[1]It appears from Lurie's briefs that he makes two additional arguments concerning administrative costs. Lurie argues that administrative costs should not have been included in the deficiency calculation when the 1994 Judgment was originally entered. It is too late to raise this argument and we refuse to hear it. In addition, Lurie argues that the administrative costs and attorneys' fees incurred by the Liquidating Trust cannot be used when calculating the ultimate actual deficiency of the Liquidating Trust. We disagree. All creditors' rights and reasonable costs and fees incurred by Blackwell are part of the Liquidating Trust's obligations and should be included when calculating the actual deficiency of the Liquidating Trust when the Trust is finally closed.