PAUL C. WILSON, Judge.
The Children’s Division of the Missouri Department of Social Services (“Children’s Division” or “Division”) appeals from the trial court’s judgment ordering the Division not to include Taryn Williams’ (“Williams”) name on the central registry of child abuse and neglect perpetrators. The trial court based its ruling solely on the ground that the Children’s Division failed to comply with the applicable time limitations set forth in sections 210.145 and 210.152, RSMo Supp.2010.[1] For the reasons set forth herein and in this Court’s decision in the companion case of Frye v. Department of Social Services, 440 S.W.3d 405, 2014 WL 3107299 (SC93471) (Mo. banc 2014), the trial court’s judgment in favor of Williams is vacated, and the matter is remánded.

Factual Background

The Children’s Division and Williams stipulated to the underlying facts of this case. On October 13, 2010, the Children’s Division received a child abuse hotline call reporting the sexual maltreatment of a minor child (“Child”) by Williams. At the time of the incident, Williams had the care, custody, and control of Child because she was a volunteer swim coach for Child’s swimming team. It was alleged that Williams had sexual intercourse, at least twice, and oral sex, at least once, with Child. Williams sent Child multiple sexually explicit text messages. Child complied with a request by Williams to send her a nude picture of himself. Williams admitted to a sexual relationship with Child.
The Children’s Division began its investigation the day it received the hotline call against Williams. On November 13, 2010, the 31st day after the investigation was opened, the Children’s Division updated its information system, stating its investigation would be delayed beyond the 30-day limit set forth in section 210.145.14. The Children’s Division cited an ongoing “co-investigation” with police as being “good cause” to extend its investigation. On February 18, 2011, the Children’s Division prepared its written notice of its determination. On February 22, 2011, approximately 133 days after beginning its investigation, the Children’s Division notified Williams that it substantiated the report of abuse.
Williams timely contested the Children’s Division’s determination and requested a review by the Child Abuse and Neglect Review Board (“Board”). The Board upheld the Children’s Division’s decision.
Williams then filed a timely petition de novo, seeking judicial review of the Board’s decision. The trial court determined that the Children’s Division had no *427 good cause to extend its investigation beyond the initial 30-day period. The trial court noted the Children’s Division did not inform Williams of the outcome of its investigation until after the 90-day statutory period in section 210.152.2. The trial court’s judgment determined the statutory time limits contained in sections 210.145 and 210.152 are mandatory time limits for completing a child abuse and neglect investigation and for providing written notice to the alleged perpetrator of the investigation’s results. The trial court’s judgment further stated that failure to comply with these time limits can implicate an alleged perpetrator’s due process rights as guaranteed by article I, section 10 of the Missouri Constitution. Finally, the trial court ordered the Division not to include Williams’ name on the central registry of child abuse and neglect perpetrators.
The Children’s Division seeks appellate review. After opinion by the court of appeals, this Court granted transfer. Mo. Const, art. V, sec. 10.

Standard of Review

The trial court’s judgment will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). This Court will only reverse if it is left with the firm belief the judgment was wrong. In re S.M.H., 160 S.W.3d 355, 362 (Mo. banc 2005). This Court will affirm the trial court’s judgment if it is correct under any reasonable theory supported by the evidence. Martin v. Martin, 334 S.W.3d 741, 744 (Mo.App.2011); Allen v. Allen, 330 S.W.3d 838, 841 (Mo.App.2011); Bolt v. Giordano, 310 S.W.3d 237, 242 (Mo.App.2010).

Analysis

After a full investigation, the Children’s Division determined that the hotline report concerning Williams’ acts of child abuse, including that she sent the child nude photographs of herself and had sexual intercourse and oral sex with the child, was supported by a preponderance of the evidence. Even though this determination was affirmed by the Board, the trial court never reached the question of whether this determination was supported by the evidence. Instead, it determined that (regardless of the facts) the Division cannot list Williams on the central registry because the hotline report was deemed unsubstantiated when the Division failed to finish its investigation and notify her of its determination within 90 days.
A similar judgment was vacated in the companion case of Frye v. Department of Social Services, 440 S.W.3d 405, 2014 WL 3107299 (SC93471) (Mo. banc 2014), handed down this same day, and the reasoning of that case controls the disposition of this one. The sanction imposed by the trial court as a consequence of the Division’s failure to comply with the deadlines in section 210.152.2 and 210.145 never was approved by — and perhaps never even was envisioned by — the legislature. Accordingly, the trial court’s actions were contrary to this Court’s precedent and contrary to the legislature’s purposes and procedures embodied in the Child Abuse Act, §§ 210.109 to 210.188.
This case also presents an issue that was not raised in Frye. Pursuant to section 210.145.14, the Children’s Division must identify in its information the “good cause” that required it to exceed the 30-day limit on investigations. Here, the trial court found the Division’s “good cause” was insufficient and, on that basis (as well as the 90-day deadline at issue in Frye), determined that the Division cannot list Williams on the central registry because the hotline report concerning her actions must be deemed unsubstantiated.
*428 The Division noted that it had good cause for continuing the investigation past 30 days because it was waiting for information from the local police department that was supporting the Division’s investigation pursuant to section 210.145.5.[2] The trial court found this basis was not “good cause” because, in the end, this information was not the basis for the Division’s determination.
' [5] As set forth in Frye, even though a statute unambiguously requires that an administrative agency “shall” meet a particular deadline or similar mandate, courts are not free to impose a sanction when the agency fails to comply with that obligation unless the. legislature has approved that sanction and its use in such circumstances. See Farmers & Merchants Bank & Trust Company v. Director of Revenue, 896 S.W.2d 30, 33 (Mo. banc 1995). Here, the sanction imposed by the trial court — treating .the hotline report as unsubstantiated and barring the Children’s Division from completing its investigation or making the determination the statutes require it to make — has not been approved by the legislature. The Division’s obligation is stated in section 210.145.14, which provides in pertinent part:
The division shall complete all investigations within thirty days, unless good cause for the failure to complete the investigation is documented in the information system. If the investigation is not completed within thirty days, the information system shall be updated at regular intervals and upon the completion of the investigation. The information in the information system shall be updated to reflect any subsequent findings, including any changes to the findings based on an administrative or judicial hearing on the matter.
§ 210.145.14 (emphasis added).[3]
Clearly, nothing in this statute approves the sanction imposed by the trial court for failing to do what this statute says the Division “shall” do. In fact, the Division did everything that this statute says the Division “shall” do, i.e., it documented its good cause for failing to complete the investigation within 30 days in its information system.
The trial court imposed its sanction not because the Division failed to do what section 210.145.14 requires it to do, but because — in. the course of the de novo review authorized by section 210.152.6— the court determined that the grounds logged into the information system did not constitute “good cause.” This was error. Nothing in section 210.152.6 allows a trial court to review — de novo or otherwise— the good cause identified in the Division’s information system pursuant to section 210.145.14. Section 210.152.6 only authorizes the trial court to review the decision of the Board. It does not authorize courts to directly review the Division’s determination as to whether, the hotline report was substantiated, and it certainly does not authorize courts to review the Division’s good cause determinations under section 210.145.14.
*429 Section 210.152.4 authorizes the Board to review the “determination of abuse or neglect by the division.” In particular, section 210.152.5 provides that the Board “shall sustain the division’s determination if such determination was ... supported by a preponderance of the evidence ... and is not against the weight of such evidence.” Nowhere in section 210.152.4 or .5 is the Board authorized to review the Division’s good cause determinations, and nothing in section 210.152.6 authorizes courts to review anything but “the decision of the child abuse and neglect review board.” Because this review is de novo, this Court has held that section 210.152.6 allows a trial court to evaluate evidence that was not presented to the Board. Jamison v. Department of Social Services, 218 S.W.3d 399, 415 (Mo. banc 2007). But neither Jamison nor the language of section 210.152.6 allows the trial court to review issues, e.g., good cause, that the Board did not decide and had no statutory authority to decide.[4]
Even if the trial court had authority to second-guess the Division’s good cause for extending the investigation beyond 30 days, it cannot do so merely on the basis of hindsight.. Probable cause to issue a search warrant cannot be evaluated on the basis of the evidence that warrant produced. The same logic applies here. The Division did not know on day 30 what the basis for its determination would turn out to be. But the evidence in this case shows that — at the time the decision to extend the investigation was made — there was an ample and reasonable basis for the Division to believe that additional information was needed and that this information was in the possession (or within the reach) of the law enforcement agency serving as the Division’s co-investigator.
Accordingly, for the reasons set forth above, and in the Court’s decision in Frye, decided contemporaneously herewith, the trial court’s judgment in favor of Williams is vacated, and the matter is remanded.
RUSSELL, C.J., BRECKENRIDGE and STITH, JJ„ concur; DRAPER, J., dissents in separate opinion filed; FISCHER and TEITELMAN, JJ., concur in opinion of DRAPER, J.

. All statutory citations are to RSMo Supp. 2013, with the exception of citations to §§ 210.145.14 and 210.152.2. Citations to these statutes are to RSMo Supp.2010, which was the version in effect when the Division finished its investigation of Williams.

. Section 210.145.5 provides: "The local office shall contact the appropriate law enforcement agency immediately upon receipt of a report which division personnel determine merits an investigation and provide such agency with a detailed description of the report received. In such cases the local division office shall request the assistance of the local law enforcement agency in all aspects of the investigation of the complaint. The appropriate law enforcement agency shall either assist the division in the investigation or provide the division, within twenty-four hours, an explanation in writing detailing the reasons why it is unable to assist.”

. This section was renumbered in 2012 so what is referred to in this opinion as subsection 14 is now subsection 15.

. Courts can review constitutional-questions on judicial review even though such questions were not — and could not have been — decided by the Board. But Williams' claims about good cause are not constitutional claims; and, to the extent her due process claims relate to the question of good cause, those claims lack any merit for the reasons set forth in Frye.