

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| RONALD LUELLEN, | ) | No. ED101316 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| vs. | ) | of the City of St. Louis |
| | ) | 1222-CC09846 |
| SPECIAL ADMINISTRATIVE BOARD | ) | |
| OF THE TRANSITIONAL SCHOOL | ) | Honorable David L. Dowd |
| DISTRICT OF THE CITY OF ST. LOUIS, | ) | |
| | ) | |
| Respondent. | ) | Filed:  February 24, 2015 |

Ronald Luellen ("Appellant") appeals the judgment of the trial court affirming the decision of the Special Administrative Board ("the SAB") to terminate his employment with the Transitional School District of the City of St. Louis ("the District").  We reverse and remand.

## I.    BACKGROUND

Appellant was employed as a physical education teacher by the District for approximately nine years.  On February 16, 2012, Appellant was involved in an incident wherein he allegedly threw a seven-year-old student ("P.H.") to the ground when she refused to sit down while awaiting the arrival of her bus.  Another student's parent witnessed the event.  As a result of the incident, the District's Superintendent decided to terminate Appellant's employment.  The District issued a statement of charges on April 2, 2012.  The statement of charges alleged that Appellant violated several District policies.

An administrative hearing was conducted on May 2, 2012.  Before P.H. took the stand as a witness, the Superintendent submitted a motion to exclude Appellant from the room on the grounds that P.H. would be intimidated by Appellant's presence.  The Superintendent did not present any testimony or other evidence in support of his contention that P.H. would be intimidated, rather, he based the motion on P.H.'s young age and the severity of the alleged underlying facts.  The hearing officer granted the Superintendent's motion over Appellant's objection.

During P.H.'s testimony, Appellant was not allowed in the hearing room pursuant to the Superintendent's motion.  However, Appellant was permitted to listen to P.H.'s testimony telephonically and was allowed to confer with his attorney during a break before counsel's cross-examination of P.H.

On August 24, 2012, after considering the testimony of the various witnesses and evidence from the hearing, the SAB issued its findings of fact and conclusions of law, finding that Appellant violated the District's policies in question and terminating his employment.  Appellant filed a petition for review, and the trial court affirmed the SAB's decision.  This appeal followed.

## II.    DISCUSSION

Appellant raises two points on appeal.  In his first point, Appellant asserts the SAB erred in terminating his employment because its decision was not supported by competent evidence and was arbitrary and capricious.  In his second point, Appellant contends the SAB erred in terminating his employment because he did not receive a fair hearing, in that he was not able to confront an adverse witness due to his exclusion from the hearing room.  Because Appellant's second point is determinative, we need not address his first point on appeal.

On appeal, we review the SAB's decision itself, not the judgment of the trial court. *Loeffelman v. Board of Educ. of Crystal City School Dist.*, 134 S.W.3d 637, 643 (Mo. App. E.D. 2004).

Teachers employed by the District for more than five years are tenured and permanent pursuant to sections 168.221.1 and .2 RSMo Supp. 2011.[1] A termination hearing for a tenured and permanent teacher must be conducted as a contested case under the guidelines governing administrative actions in chapter 536. Section 168.221.3. We will reverse if the action of the agency is made upon unlawful procedure or without a fair hearing. Section 536.140.2(5) RSMo 2000. Specifically, section 168.221.3, in relevant part, provides that the teacher "*shall* have the privilege of being present at the hearing, together with counsel, offering evidence and making defense thereto." (emphasis added). Use of the word "shall" generally indicates the legislature's intent to create a mandatory directive. *Williams v. State, Dept. of Social Services, Children's Div.*, 440 S.W.3d 425, 435 (Mo. banc 2014).

Because Appellant was employed by the District for more than five years, he could only be terminated according to the procedures outlined in section 168.221.3. The hearing in this case did not comply with the terms of that statute, because Appellant was excluded from the hearing. Because he was not in the hearing room, Appellant did not have the opportunity to observe the adverse witness's demeanor during her testimony. Furthermore, he did not have the ability to confer with his attorney during direct- and cross-examination, but rather was limited to one conversation during a break before cross-examination. Section 168.221.3 uses mandatory

---

[1] Section 168.221 has been subsequently amended, but those amendments were not effective the time of the instant hearing. All further references to section 168.221 are to RSMo Supp. 2011.

3

language – the teacher "shall have the privilege of being present at the hearing," and this hearing did not meet that standard.[2] *See id.*

The SAB erred in excluding Appellant from the hearing room during the testimony of an adverse witness, and as a result, Appellant did not receive a fair hearing. Point two is granted.

### III.    CONCLUSION

The trial court's judgment affirming the decision of the SAB to terminate Appellant's employment with the District is reversed and remanded for a new hearing and proceedings consistent with this opinion.

_____
ROBERT M. CLAYTON III, Judge

Patricia L. Cohen, P.J., and
Roy L. Richter, J., concur.

---

[2] We also note that the SAB did not create an evidentiary record to support the Superintendent's contention at the hearing that P.H. would be intimidated by Appellant's presence. The Superintendent and the hearing officer merely assumed that P.H. would be intimidated based on her age and the severity of the accusations, but those assumptions are not based on any testimony from P.H. or other relevant evidence. However, even if such evidence existed, the SAB cites no controlling authority to suggest that Appellant could be properly excluded from the hearing, given the mandatory language of section 168.221.3.