

# Missouri Court of Appeals
## Southern District
### Division Two

STATE OF MISSOURI ex rel.      )
CHRIS KOSTER, Attorney General,      )
and MISSOURI DEPARTMENT OF      )
NATURAL RESOURCES,      )
      )
      Plaintiff-Appellant,      )
      )
vs.      )      No. SD33291
      )
FRANKIE L. SCHWARTZ, d/b/a      )      Filed May 29, 2015
SCHWARTZ AUTO SALVAGE,      )
      )
      Defendant-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF DENT COUNTY

Honorable Sidney T. Pearson III, Circuit Judge

### REVERSED AND REMANDED WITH DIRECTIONS

The State of Missouri ("the State") appeals the trial court's judgment denying its claim for injunctive relief and a civil penalty against Frankie L. Schwartz for operating an auto salvage facility without a storm water permit from the Missouri Department of Natural Resources ("DNR").[1]  The State contends the trial court misapplied section 644.051.2 and failed to apply 10 CSR 20-6.200, as promulgated by the Missouri Clean Water Commission ("Commission").[2]  We

---

[1] The State brought this action at the relation of the Attorney General, DNR, and the Missouri Clean Water Commission.

[2] All statutory references are to RSMo Cum.Supp. 2013.

1

agree, reverse the judgment, and remand the case to the trial court with directions to enter a judgment in favor of the State.

## Factual and Procedural Background

Schwartz operates an auto salvage facility, Schwartz Auto Salvage, in Salem, Dent County, Missouri. He has never obtained a storm water permit from DNR to operate the facility.

In 2009, DNR received a complaint and inspected the facility. Thereafter, the inspector sent a letter to Schwartz allowing him thirty days to file an application for a storm water permit. Schwartz did not respond. DNR then issued a notice of violation to Schwartz for operating the facility without a storm water permit but allowed him another ten days to submit a permit application and the $150 permit fee. Schwartz did not respond.

The State filed an action for injunctive relief and civil penalties in the Circuit Court of Dent County, asserting, among other alleged violations, that Schwartz violated the Commission's regulation at 10 CSR 20-6.200 by operating the auto salvage yard without a storm water permit.

Following a bench trial, the trial court issued its judgment denying the State's request for injunctive relief and civil penalty. The trial court found that Schwartz "operates an auto salvage business . . . and has neither applied for nor received a general stormwater [sic] permit for that facility." The trial court then made the following conclusions of law:

> 3. That Section 644.051.2, RSMo states: It shall be unlawful for any person to operate, use or maintain any water contaminant or point source in this state that is subject to standards, rules or regulations promulgated pursuant to the provisions of sections 644.006 to 644.141 unless such person holds an operating permit from the commission, subject to such exceptions as the commission may prescribe by rule or regulation.

> 4. That Section 644.016 (16) and (25) contain the following definitions: "Point source", any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure,

---

The Commission, for the purposes of the Missouri Clean Water Law, sections 644.006 to 644.141, is an agency whose domicile is "deemed to be that of the department of natural resources." Section 644.021.1.

2

container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged. Point source does not include agricultural storm water discharges and return flows from irrigated agriculture. "Water contaminant source", the point or points of discharge from a single tract of property on which is located any installation, operation or condition which includes any point source defined in sections 644.006 to 644.141 and nonpoint source pursuant to any federal water pollution control act, which causes or permits a water contaminant therefrom to enter waters of the state either directly or indirectly.

5. Since the statute contains a specific definition of these terms, the Court does not have to resort to consulting the Code of Regulations to determine what these terms mean, or whether the facility is subject to standards, rules or regulations promulgated pursuant to the provisions of sections 644.006 to 644.141, RSMo.

6. That no evidence was adduced during the course of the two hearings[3] in this matter that indicated that there was any "point source" or "water contaminant source", as defined in the statute, located on the premises of [Schwartz's] facility.

7. The Department of Natural Resources is authorized, pursuant to Section 644.076.1, RSMo, to seek injunctive relief if the Missouri Clean Water Act ". . . is being, was, or is in imminent danger of being violated . . .". That no evidence was adduced during the course of the two hearings in this matter that indicated that there was an existing violation, a past violation, or an imminent danger of violation, of the Act.

The State timely appeals, claiming in its sole point relied on that

[t]he trial court erred in denying the State's claim for injunctive relief and in entering its judgment in favor of [Schwartz], because the trial court erroneously applied and declared the law in concluding that [Schwartz] is not required to have a storm water permit for his auto salvage facility, in that Regulation 10 CSR 20-6.200, which is within the permitting authority delegated to the State of Missouri by the EPA and is within the authority of the Missouri Clean Water Commission to promulgate regulations, requires that owners of auto salvage facilities obtain a storm water permit, and [Schwartz] should be enjoined from violating the regulation and required to pay a penalty for failing to comply.[4]

---

[3] The State filed an Application for Preliminary Injunction that was heard and denied following a hearing seven months before the trial on the State's petition. At the commencement of the trial on the State's petition, the parties agreed that the evidence produced at the hearing on the Application for Preliminary Injunction could be considered by the trial court as evidence in the trial.

[4] Schwartz did not file a respondent's brief. "A respondent is not required to file a brief, but without one, we must adjudicate the claim of error without benefit of whatever argument the respondent might have presented." *N.L.P. v. C.G.W.*, 415 S.W.3d 800, 802 n.2 (Mo.App. 2013) (internal quotation marks and citations omitted).

**Standard of Review**

As this was a court-tried matter, "the decision of the trial court must be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law." *Marre v. Reed*, 775 S.W.2d 951, 952 (Mo. banc 1989). This Court gives the trial court deference regarding factual findings but reviews legal determinations *de novo*. *See **Pearson v. Koster***, 367 S.W.3d 36, 43 (Mo. banc 2012).

**Discussion**

The trial court relied upon and applied section 644.051.2 to conclude that Schwartz was not required to apply for and obtain a storm water permit from DNR. That statute, however, by its express terms, as noted in paragraph 3 of the trial court's judgment, applies to actions taken without an "operating permit."[5] It expresses no applicability as to whether Schwartz was required to obtain a "storm water permit."[6] The trial court's reliance upon this statute, therefore, to determine that Schwartz was not required by law to obtain a "storm water permit" was a misapplication of section 644.051 and, accordingly, a misapplication of law.[7]

---

[5] Operating permits are regulated by the Commission under 10 CSR 20-6.010.

[6] Section 644.051.2 provides

> It shall be unlawful for any person to operate, use or maintain any water contaminant or point source in this state that is subject to standards, rules or regulations promulgated pursuant to the provisions of sections 644.006 to 644.141 unless such person holds an *operating permit* from the commission, subject to such exceptions as the commission may prescribe by rule or regulation. However, no *operating permit* shall be required of any person for any emission into publicly owned treatment facilities or into publicly owned sewer systems tributary to publicly owned treatment works.

(Emphasis added).

[7] In fairness to the trial court, while the State's petition and oral argument in the trial court were minimally sufficient to present the relevant legal issues to the trial court and preserve them for appellate review, neither was a model of clarity.

4

Section 644.026.1(8) confers upon the Commission the power to

> [a]dopt, amend, promulgate, or repeal after due notice and hearing *rules and regulations* to enforce, implement, and effectuate the powers and duties of sections 644.006 to 644.141 and any required of this state by any federal water pollution control act, and as the commission may deem necessary to prevent, control and abate existing or *potential* pollution. . . .

(Emphasis added). In accordance with that authority, the Commission promulgated 10 CSR 20-6.200 for the purpose of setting "forth the requirements and process of application for permits for storm water discharges and the terms and conditions for the permits." 10 CSR 20-6.200 (Purpose). Subsection (2) of that regulation defines storm water discharge associated with industrial activity, and 10 CSR 20-6.200(2)(B)3C expressly includes "[f]acilities involved in the recycling of materials including metal scrap yards, battery re-claimers, salvage yards, and automobile junk yards" within that subsection as a discharger of storm water associated with industrial activity. 10 CSR 20-6.200(2)(C)1 requires "dischargers of storm water associated with industrial activity" to "apply for an individual permit or seek coverage under a promulgated storm water general permit." As an individual operating an auto salvage business, as found by the trial court, Schwartz fell within the application of 10 CSR 20-6.200(2) and was required by its terms to apply for a storm water permit. The trial court's failure to apply 10 CSR 20-6.200(2) was a misapplication of law.

Paragraph 7 of the trial court's judgment accurately recites the portion of section 644.076 related to alleged violations of the Missouri Clean Water Act. The trial court's reliance on that part of the statute to deny the State relief, however, was misplaced and a misapplication of law. As relevant here and to the application of 10 CSR 20-6.200(2) to Schwartz, section 644.076.1 provides, in part:

> In the event the commission or the director determines that any provision of sections 644.006 to 644.141 or standard, *rules*, limitations or regulations *promulgated pursuant thereto*, or permits issued by, or any final abatement order,

5

other order, or determination made by the commission or the director, or any filing requirement pursuant to sections 644.006 to 644.141 or any other provision which this state is required to enforce pursuant to any federal water pollution control act, *is being, was, or is in imminent danger of being violated*, the commission or director may cause to have instituted a civil action in any court of competent jurisdiction for the injunctive relief to prevent any such violation or further violation or for the assessment of a penalty not to exceed ten thousand dollars per day for each day, or part thereof, the violation occurred and continues to occur, or both, as the court deems proper. . . .

(Emphasis added). As previously noted, the Commission promulgated 10 CSR 20-6.200 pursuant to section 644.026. The enforcement of this regulation by the State by injunction or civil penalty, therefore, falls within the parameters of section 644.076.1. The State's point is granted.

## Decision

The trial court's judgment is reversed, and the case is remanded to the trial court with directions to enter judgment in favor of the State and against Schwartz, with an appropriate remedy or remedies as provided in section 644.076, consistent with this opinion.


GARY W. LYNCH, J. – Opinion author

MARY W. SHEFFIELD, P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs