

# Missouri Court of Appeals
## Southern District
### Division Two

| | |
|---|---|
| In the Interest of DARYL SERCL, ) | |
| ) | |
| Petitioner-Respondent, ) | |
| ) | |
| vs. ) | No. SD33396 |
| ) | |
| DIRECTOR, DEPARTMENT OF SOCIAL ) | Filed July 22, 2015 |
| SERVICES, CHILDREN'S DIVISION OF THE ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent-Appellant. ) | |

### APPEAL FROM THE CIRCUIT COURT OF DENT COUNTY

Honorable Kelly W. Parker, Circuit Judge

AFFIRMED

The Children's Division of the Department of Social Services ("the Division") appeals from the trial court's judgment finding that the Division failed to prove that Daryl Sercl ("Sercl") neglected K.J. and ordering the Division to remove Sercl from the Central Registry ("the Registry").[1] Finding no merit in the Division's claim that the judgment is not supported by substantial evidence, we affirm.

---

[1] The Registry is a non-public list of people who committed child abuse or neglect. *In re Taryn Williams*, 440 S.W.3d 425, 433 (Mo. banc 2014). The list is made available to individuals and entities responsible for caring for and protecting children. *Id.*

1

## Standard of Review

Sercl sought the trial court's *de novo* judicial review of the Division's decision in accordance with the provisions of section 210.152.[2] The trial court's judgment "will be sustained on appeal unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declared or applied the law." ***Jamison v. State, Dep't of Soc. Servs., Div. of Family Servs.***, 218 S.W.3d 399, 404 (Mo. banc 2007) (citing ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976)). We view the evidence in the light most favorable to the trial court's judgment and defer to the factual findings and credibility determinations made by the trial court. ***In re Taryn Williams***, 440 S.W.3d 425, 427 (Mo. banc 2014).

## Factual and Procedural Background

When she was fourteen years and five months old, K.J. lived with her mother ("Mother") and Sercl, Mother's boyfriend, in Salem, Missouri. K.J. and Sercl were traveling back to Salem after dark from Licking, Missouri, when Sercl let K.J. drive his truck, at her request, to help her learn to drive. Although she did not have a license or permit to drive, K.J. had previously driven with her mother and grandmother. The highway was mostly straight with minimal traffic, and K.J. drove around 45 miles per hour. K.J. noticed something in the road, swerved to the right off the blacktop to avoid it, and then overcorrected in an attempt to get back on the road. The truck hit a tree, and K.J., who was not wearing a seatbelt, sustained serious injuries.[3] K.J. had

---

[2] References to section 210.152 are to RSMo Cum.Supp. 2010.

[3] Sercl had opened a 24-ounce can of beer approximately five minutes before the accident but had not otherwise had anything alcoholic to drink that day and was not intoxicated. Whether Sercl was intoxicated at the time of the accident was strongly contested during the trial. Mother and K.J. agreed that he was not. The Division's witness, a police officer who responded to the accident, testified that Sercl was intoxicated. Although the Division now concedes Sercl was not intoxicated, the Division nevertheless argues that we should infer from the presence of the open container of alcohol that Sercl was not adequately supervising K.J. Because the Division's proffered inference is contrary to the judgment, it must be disregarded. *See* ***Houston v. Crider***, 317 S.W.3d 178, 183 (Mo.App. 2010). Viewed in that light, as it must be, the uncontested fact that Sercl had an open container of beer has no relevance to the resolution of this appeal. We mention it in this footnote only to illustrate how many of the Division's arguments are premised upon evidence or inferences that are contrary to the trial court's judgment and are therefore not in accordance with our standard of review.

previously been instructed on how not to overcorrect, but the truck she was driving at the time was an older model and she had to turn the wheel harder than usual. Sercl acknowledged that allowing K.J. to drive was a "bad error in judgment." None of K.J.'s injuries had lasting physical effects, and, at the time of trial, she was a senior in high school working concurrently toward a nursing degree in college.

The Division decided that Sercl neglected K.J. Sercl appealed to the Child Abuse and Neglect Review Board ("the CANRB"). The CANRB also decided that Sercl neglected K.J. Sercl petitioned the trial court for *de novo* review, and the trial court held an evidentiary hearing. In its judgment, the trial court found K.J.'s testimony in support of Sercl to be "exceptionally credible, convincing, and compelling." The trial court found Mother's testimony in support of Sercl to be "credible and convincing" as well. The trial court concluded that the Division failed to prove that Sercl neglected K.J. and ordered Sercl's name removed from the Registry. The Division timely appeals.

### Discussion

The Division's sole point relied on states that the "**trial court erred when it concluded that the Children's Division failed to prove that Daryl Sercl neglected a minor child, because the court's conclusion is not supported by substantial evidence, is against the weight of the evidence, and misapplies the law**[.]" Our Supreme Court has noted that a substantial-evidence challenge, a misapplication-of-law challenge, and an against-the-weight-of-the-evidence challenge are distinct claims that must appear in separate points relied on in the appellant's brief to be preserved for appellate review. *Ivie v. Smith*, 439 S.W.3d 189, 199 n.11 (Mo. banc 2014). At oral argument, counsel for the Division elected to narrow the Division's point to the claim that the judgment was not supported by substantial evidence. Given this election, we gratuitously review that claim.

3

The Division's claim is without merit because the trial court's judgment against the Division, the party with the burden of proof, was not required to be supported by substantial evidence. Before placing Sercl on the Registry, Sections 210.110[4] and 210.152 assign to the Division the burden to prove by a preponderance of the evidence that Sercl neglected K.J. by failing to provide her with the care necessary for her well-being. *See also* **Jamison**, 218 S.W.3d at 417 (due process requires application of a preponderance of the evidence standard of proof upon *de novo* judicial review of a CANRB decision). This issue was contested in the trial court. Therefore, the trial court was free to disbelieve the Division's uncontradicted or uncontroverted evidence and its *denial* of the Division's claim was not required to be supported by substantial evidence because Sercl, as the party *not* having the burden of proof, had no obligation to offer *any* evidence contrary to that issue. *See* **In re M.B.R.**, 404 S.W.3d 389, 393-94 (Mo.App. 2013); *see also* **White v. Dir. of Revenue**, 321 S.W.3d 298, 305 (Mo. banc 2010) ("When the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence" and "generally, the party not having the burden of proof on an issue need not offer any evidence concerning it.").

The Division, while acknowledging that it had the burden of proof and that Sercl was not required to produce any evidence to support a judgment in his favor, nevertheless, insists that the judgment is not supported by substantial evidence because the uncontested facts required the trial court to find, as a matter of law, that Sercl neglected K.J.[5] Specifically, the Division argues that

---

[4] References to section 210.110 are to RSMo Cum.Supp. 2010. Subsection 12 of that section defines "neglect" as the "failure to provide, by those responsible for the care, custody, and control of the child, the proper or necessary support, education as required by law, nutrition or medical, surgical, or any other care necessary for the child's well-being."

[5] The astute reader may ponder whether the Division is in actuality arguing that the judgment is against the weight of the evidence. Rather than resolve that issue, however, we have simply chosen to review this argument in the manner presented by the Division as part of our *ex gratia* review of whether the judgment is supported by substantial evidence. Practitioners should carefully consider and delineate the distinct claims that may be raised on appeal under our standard of review. *See* **Ivie**, 439 S.W.3d at 199 n.11.

because Sercl was negligent by violating section 302.260,[6] citing ***Dinger v. Burnham***, 228 S.W.2d 696, 699-700 (Mo. 1950), and ***Thomasson v. Winsett***, 310 S.W.2d 33, 36-37 (Mo.App. 1958), he necessarily, as a matter of law, neglected K.J., as that term is defined in section 210.110(12). (AB, 20-1). We disagree.

Although the Division's argument treats negligence and neglect as synonymous, they are not. In evaluating conduct for alleged negligence, "[t]he standard of conduct exacted by the law is an external and objective standard, and not the personal, individual, subjective standard of the actor involved." ***Hodges v. Am. Bakeries Co.***, 412 S.W.2d 157, 162 (Mo. banc 1967) (internal quotation marks and citations omitted). In evaluating conduct toward a child for alleged neglect, however, the eastern district of this court has stated that neglect "normally focuses on physical deprivation or harm" and "the issue turns on intent, which generally is an inferred fact, determined by conduct[.]" ***C.B.L. v. K.E.L.***, 937 S.W.2d 734, 737 (Mo.App. 1996). But, while subjective intent may be considered, as indicated by ***C.B.L.***, it is not a required element. *See **T.J. v. Missouri Dep't of Soc. Servs., Children's Div.***, 305 S.W.3d 469, 474 (Mo.App. 2010) (neglect found even though the evidence did not suggest the mother willfully endangered her child or intended any harm). In determining from the totality of the circumstances whether neglect has occurred, therefore, the trial court may consider, but is not bound by, the subjective intent of the alleged perpetrator. This consideration of subjective intent in a neglect determination distinguishes it from a negligence determination that only considers objective intent.

Here, the Division's argument equating negligence in violating section 302.260 and "neglect" as defined under section 210.110 inappropriately ignores the trial court's ability to consider Sercl's subjective intent. From the evidence in the record, the trial court reasonably

---

[6] References to section 302.260 are to RSMo 2000. Section 302.260 provides: "No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized hereunder or in violation of any of the provisions of sections 302.010 to 302.260."

could have inferred that Sercl intended to let K.J. drive his vehicle (thereby violating section 302.260) but that Sercl did not intend to harm K.J. or physically deprive her of anything. Rather, it could have reasonably inferred that Sercl intended to assist K.J. in becoming a better driver and concluded that under the totality of the circumstances, Sercl's intended conduct, even if it was the result of what he later described as "bad judgment," was not neglect as defined in section 210.110(12). Point denied.

## Decision

The trial court's judgment is affirmed.

GARY W. LYNCH, J. – Opinion author

NANCY STEFFEN RAHMEYER, J. – concurs

DON E. BURRELL, J. – concurs