

# Missouri Court of Appeals

## Southern District

In Division

IN RE THE MARRIAGE OF:              )
BRIAN FLOOD and HOLLY JESSICA       )
FLOOD,                              )
                                    )
BRIAN FLOOD,                        )
                                    )
    Respondent,           )    No. SD38517
                                    )
v.                                  )    **Filed:  February 24, 2025**
                                    )
HOLLY JESSICA FLOOD,                )
                                    )
    Appellant.            )

### APPEAL FROM THE CIRCUIT COURT OF PEMISCOT COUNTY

Honorable William W. Carter, Judge

**<u>DISMISSED</u>**

Appellant Holly Jessica Flood ("Wife") appeals from the trial court's judgment dissolving her marriage to Respondent Brian Flood ("Husband").[1]  Wife raises four points on appeal.  Because each of Wife's points violate Rule 84.04(d), Wife's points preserve nothing for our review.[2]  Wife's appeal is dismissed.

---

[1] Husband did not file a brief in this case.  While a respondent is not required to file a brief, the failure to file one requires us to adjudicate the claim of error without benefit of whatever argument the respondent might have presented.  ***State ex rel. Koster v. Schwartz***, 461 S.W.3d 885, 887 n.4 (Mo. App. S.D. 2015).

[2] All rule references are to Missouri Court Rules (2024).

**Wife's Points Relied On – Rule 84.04(d)**

"Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo. App. W.D. 2007). Rule 84.04(d) requires a point relied on to: (1) identify the challenged ruling, (2) "concisely state the legal reasons" for the challenge, and (3) "explain in summary fashion why, in the context of [the] case, those legal reasons support" the challenge. *Farr v. State*, 665 S.W.3d 394, 399 (Mo. App. S.D. 2023) (quoting *Kirk v. State*, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017)). Under Rule 84.04, a point may not raise two distinct allegations of error. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 507 (Mo. banc 2022). An appellant is not permitted to consolidate multiple, independent claims into a single point. *Kirk*, 520 S.W.3d at 450 n.3. "Separate issues should be stated in separate points relied on." *Hale v. Burlington N. & Santa Fe Ry. Co.*, 638 S.W.3d 49, 61 (Mo. App. S.D. 2021) (quoting *Wheeler v. McDonnell Douglas Corp.*, 999 S.W.2d 279, 283 n.2 (Mo. App. E.D. 1999)). "This is so because 'separate and distinct inquiries . . . require discrete legal analyses.'" *Id.* (quoting *Lollar v. Lollar*, 609 S.W.3d 41, 45 n.4 (Mo. banc 2020)). Multifarious points relied on violate Rule 84.04(d) and preserve nothing for review. *Macke v. Patton*, 591 S.W.3d 865, 869 (Mo. banc 2019).

Wife's points allege:

1. THE COURT ERRED IN THE DIVISION OF THE MARITAL PROPERTY SPECIFICALLY THE RESPONDENT/HUSBAND'S 401(K)RETIREMENT ACCOUNT BY NOT DIVIDING THE RETIREMENT FAIRLY AND EQUITABLY BETWEEN THE PARTIES; THE RULINGWAS ERRONEOUS, AN ABUSE OF DISCRETION AND AGAINST THE WEIGHT OF THE EVIDENCE.

2. THE TRIAL COURT ERRED AS A MATTER OF LAW
REGARDING THE DIVISION OF MARTIAL DEBT AND BY
FAILING TO RESTORE APPELLANT TO FORMER NAME AND THE
TRIAL COURT FAILED TO ENTER INTO THE JUDGMENT THE
ORAL AGREEMENT THAT WAS SPREAD ON THE RECORD AND
SUCH IS AGAINST THE WEIGHT OF THE EVIDENCE AND NOT
SUPPORTED BY SUBSTANTIAL EVIDENCE AND INCONSISTENT
WITH THE LAW.

3. THE TRIAL COURT ERRED REGARDING THE CHILD SUPPORT
OBLIGATION BECAUSE THE TRIAL COURT FAILED TO COMPLY
WITH REQUIREMENTS OF SUPREME COURT RULE 88.01, FORM
14 CALCULATION WITH REGARD TO FORM OR SUBSTANCE
AND FAILED TO COMPLY WITH SECTION 452.340 RSMO;
FURTHER THE TRIAL COURT ABUSED ITS DISCRETION BY
FINDING THE PRESUMED CHILD SUPPORT AMOUNT UNJUST
AND INAPPROPRIATE WITHOUT CONSIDERING ALL FACTORS.

4. THE TRIAL COURT ERRONEOUSLY APPLIED THE LAW AND
ABUSED ITS DISCRETION WHEN DECIDING THE PARTIES
SHALL SHARE THE JOINT LEGAL CUSTODY OF THE MINOR
CHILDREN AND THE RULING IS AN ABUSE OF DISCRETION,
AGAINST THE WEIGHT OF THE EVIDENCE AND UNSUPPORTED
BY SUBSTANTIAL EVIDENCE.

Each of these points violate Rule 84.04(d) by combining multiple allegations of

error into a single point relied on. Point 1, for example, claims the trial court's division of

marital property was erroneous, an abuse of discretion, and against the weight of the

evidence. Point 2 challenges three separate actions of the trial court (dividing marital

debt, failing to restore Wife's name, and failing to include the oral agreement of the

parties in the judgment) for three distinct reasons ( i.e., against the weight of the

evidence, not supported by substantial evidence, and a misapplication of law). Point 3

alleges the trial court erred by: (1) failing to comply with Rule 88.01 and Form 14 in

calculating child support; (2) failing to comply with section 452.340; and (3) abusing its

discretion in failing to consider all the statutory factors. Point 4 argues the trial court

misapplied the law and abused its discretion in ordering joint legal custody of the children and that the ruling was against the weight of the evidence and not supported by substantial evidence. All of these points raise distinct claims that require separate analyses. *Sercl v. Director, Dep't of Soc. Services, Children's Div. of State*, 477 S.W.3d 85, 88 (Mo. App. S.D. 2015) (noting that a substantial-evidence challenge, a misapplication-of-law challenge, and an against-the-weight-of-the-evidence challenge are distinct claims that must appear in separate points relied on in the appellant's brief to be preserved for appellate review).

Additionally, none of Wife's points "[e]xplain in summary fashion why, in the context of [the] case, those legal reasons support" the challenge, as required by Rule 84.04(d)(1)(c). *Farr*, 665 S.W.3d at 399. They merely allege the trial court's actions were a misapplication of law, an abuse of discretion, against the weight of the evidence, or not supported by substantial evidence. These abstract statements do not tell us why, in the context of this case, the trial court's actions were in error. *See In re Marriage of Fritz*, 243 S.W.3d 484, 486 (Mo. App. E.D. 2007) (noting that an abstract statement reciting the *Murphy v. Carron* standard of review in a point relied on does not comply with Rule 84.04(d)).[3] "An insufficient point relied on, which cannot be understood without resorting to the record or the argument section of the brief, preserves nothing for appellate review." *Coleman v. Gilyard*, 969 S.W.2d 271, 274 (Mo. App. W.D. 1998). In this case, the deficiencies identified in each of Wife's points warrant dismissal.[4]

---

[3] *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

[4] "While the failure to comply with Rule 84.04 warrants dismissal, we prefer to dispose of a case on the merits if we can discern the argument being made." *Ward v. Division of Emp't Sec.*, 600 S.W.3d 283, 287 (Mo. App. W.D. 2020). Here, we cannot discern the nature of Wife's arguments. In all of the points, it is

4

**CONCLUSION**

Wife's appeal is dismissed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS

---

unclear what type of challenge Wife is raising (*e.g.*, misapplication of law, against the weight of the evidence, not supported by substantial evidence).